270         .KENTUCKY REPORTS.         [Vol. 93.

Home Ins. Co. v. Allen, &c.    L. and L. and G. Ins. Co. v. Same.

CASE 43—PETITION ORDINARY—JUNE 2.

# Home Insurance Company v. Allen, &c.

# Liverpool and London and Globe Insurance Company v. Same.

### APPEALS FROM JEFFERSON COURT OF COMMON PLEAS.

1. FIRE INSURANCE—TRANSFER OF PROPERTY—FAILURE TO DISCLOSE FACTS MATERIAL TO RISK.—Where insured property was conveyed by the insured to his wife, and the insured, in procuring the consent of the insurance company to the assignment of the policy to his wife, failed to disclose the fact that his creditors were assailing the conveyance to his wife as fraudulent, and had had an attachment levied upon the property as his, the policy was thereby rendered void, it being the duty of the insured, in contracting with the company, to make known every fact material to the risk.

2. INSURABLE INTEREST.—The grantee in a fraudulent conveyance has an insurable interest in the property, the conveyance being valid as between the parties.

FAIRLEIGH & STRAUS FOR APPELLANTS.
Brief not in record.

JAMES S. PIRTLE, WILKINS G. ANDERSON FOR MRS. ALLEN, APPELLEE.

1. The word "incumbrances," in fire insurance policies, refers only to such incumbrances as are created *by the act of the parties*, not to those *created by law*. (Bailey v. Homestead Fire Ins. Co., 9 Ins. Law Jour., 187; s. c. 80 N. Y., 21; Phœnix Ins. Co. v. Pickel, 18 Ins. Law Jour., 592; s. c. 119 Ind., 155.)

   The attachment obtained by Mrs. Merriwether did *not* effect any change either in the title or the possession of the property. (Oldham v. Scrivner, 3 B. M., 579; Phœnix Ins. Co. v. Lawrence, 4 Met., 9; Manhattan Ins. Co. v. Stein, 5 Bush, 656.)

2. Upon a sale and transfer of property covered by a policy of insurance, and an assignment of the policy to the purchaser duly assented to by the company, a new and original contract of insurance arises between the insurance company and the assignee, which the latter may enforce without regard to what may have occurred prior to the assignment. (Continental Ins. Co. v. Munns, 19 Ins. Law Jour., 57; Ellis v. Ins. Co. of North America, 17 Ins. Law Jour., 205; s. c. 32 Fed. Rep., 646; Pitney v. Glenn's Fall Ins. Co., 4 Ins. Law Jour., 765; s. c. 65 N. Y., 15;

Home Ins. Co. v. Allen, &c.    L. and L. and G. Ins. Co. v. Same.

Dwelling House Ins. Co. v. Gould, 134 Pa. St., 570; Shearman v. Niagara Ins. Co., 46 N. Y., 526; s. c. 7 Am. Rep., 380; Wood on. Insurance, sec. 116.)

3. In the absence of any interrogatory on the subject, the non-disclosure of the fact that the title to the insured premises was in litigation does not avoid a policy of insurance.    (May on Insurance, 2d ed., sec. 284; Lycoming Fire Ins. Co. v. Haven, &c., 7 Ins. Law Jour., 456; s. c. 95 U. S., 249; Agricultural Ins. Co. v. Yates, 10 Ky. Law Rep., 984; Hartford Fire Ins. Co. v. Haas, 8 Ky. Law Rep., 610; s. c. 10 Ky. Law Rep., 573, and 87 Ky., 531; Hill v. Lafayette Ins. Co., 2 Gibbs. (Mich.), 476; Cheek v. Columbia Fire Ins. Co., 4 Ins. Law Jour., 99; Kenton Ins. Co. v. Wigginton, 89 Ky., 330.

4. The words "entire, unconditional and sole ownership," as used in fire insurance policies, do not refer to incumbrances but to the character and quality of the title: i. e., whether it is held in fee-simple or by leasehold, or by life estate, etc.    (Dolliver, &c., v. St. Joseph F. & M. Ins. Co., 9 Ins. Law Jour., 289; s. c. 128 Mass., 315; Richardson's Adms'r. v. German Ins. Co., 12 Ky. Law Rep., 38; Judge v. Conn. Fire Ins. Co., 11 Ins. Law Jour., 843; s. c. 132 Mass., 521; Ellis v. Ins. Co. of North America, 17 Ins. Law Jour., 205; s. c. 32 Fed. Rep., 646; Manhattan Fire Ins. Co. v. Weill & Ullman, 6 Ins. Law Jour., 526; s. c. 28. Gratt., 389; Wooddy v. Old Dominion Ins. Co., 9 Ins. Law Jour., 285; s. c. 31 Gratt., 362; Friezen v. Allemania Fire Ins. Co., 16 Ins. Law Jour., 513; Imperial Fire Ins. Co. v. Dunham, 17 Ins. Law Jour., 401; s. c. 117 Pa. St., 460; Farmers' Mut. Fire Ins. Co. v. Fogelman, 6 Ins. Law Jour., 192; s. c. 85 Mich., 481; Monroe County Mut. Ins. Co. v. Robinson, 7 Ins. Law Jour., 636; Security Ins. Co. v. Bronger, 6 Bush, 146; Farmers' and Drovers' Ins. Co. v. Curry, &c., 13 Bush, 312; Germania Ins. Co. v. Rudwig, &c., 80 Ky., 223; Ky. Mut. Ins. Co. v. Harrison, 7 Ky. Law Rep., 43; Kenton Ins. Co. v. Wigginton, 89 Ky., 330; Hartford Fire Ins. Co. v. Haas, 8 Ky. Law Rep., 610; Agricultural Ins. Co. v. Yates, 10 Ky. Law Rep., 984.)

5. Conveyances, although fraudulent as to creditors, are good as between the parties.    (Martz v. Pfeifer, 80 Ky., 602; Dorsey v. Phillips, &c., 84 Ky., 224; Crafts v. Union Mutual Fire Ins. Co., 36 N. H., 44; McLean, &c., v. Hess, &c., 16 Ins. Law Jour., 227; Pence v. Makepeace, 65 Ind., 345; Le Rose v. Wilmarth, 9 Allen, 382; Nipps' Appeal, 75 Pa. St., 472; Bernheim v. Beer, 56 Miss., 149.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

G. Baylor Allen, being the owner of a farm in the county of Shelby, had two policies of insurance on the buildings, the one issued by the Home Insurance Company and the other by the Liverpool and London and

·Globe Insurance Company.   The two policies expired on the 20th of August, in the year 1885, and had been issued and the premiums paid for several years prior to the date at which the insurance terminated.

On the 26th of January, 1885, the insured, Baylor Allen, ·conveyed this land to his wife, Anna M. Allen, the deed being lodged for record on the next day.   On the day the ·deed was filed with the clerk, Mrs. Merriwether, a creditor of Baylor Allen instituted an action against him for a large sum of money, and had an attachment levied on this land upon which the buildings stood, and in a few ·days thereafter, by an amended petition, assailed the conveyance to the wife for actual fraud.

On the 26th of March, 1885, the husband, by the consent of the insurance companies, assigned and transferred to his wife, Ann, all his right, title and interest in and to these policies, and in the month of June following, the ·property insured was destroyed by fire.   On the hearing ·of the case between Mrs. Merriwether as plaintiff and Allen and wife defendants, the conveyance to the wife ·was held fraudulent and the land subjected to the pay·ment of her debt.

The defense in the court below was presented in several paragraphs:   First—That Mrs. Allen had no insurable interest in the property.

Second—That the policies became void because it was ·stipulated that if the interest of the assured in the prop.erty be any other than the entire, unconditional and sole ·ownership thereof for the use and benefit of the assured,. ·the policy should be void.

Third—That the consent of the companies to the assign-

ment of the policies was procured by fraud in the conceal-
ment from them of facts material to the risk.

That one may have an insurable interest in property,
although under a fraudulent conveyance, was held in the
cases of Phœnix Insurance Co. v. Mitchell, 67 Ill., 43,
and in Lerow v. Wilmarth's Trustee, 9 Allen, 382.  These
decisions proceed on the idea that such deeds are good
*inter partes* and the title passes as to all except the cred-
itors of the grantors.

The creditors may not assail the conveyance, and,
besides, in a court of equity a conveyance by the husband
to the wife might well be sustained upon the ground that
it was based on both a legal and equitable consideration,
and still be void as to creditors.  A promise by the hus-
band to convey his land in consideration of what moneys
or estate he had theretofore reduced to possession and
belonging to his wife would, if executed by a conveyance,
be upheld in a court of equity; and while the facts might
not avail the wife as against the creditors of the husband,
as between the husband and wife the conveyance would
be held valid.

It seems, however, in this case, from the answer of
the defendants, and this is being considered upon the de-
murrer, that the wife and the husband failed to make
known to the defendants the circumstances under which
this transfer was made, and the fact that the creditor at
that time had his attachment levied on the property
with a view of subjecting it to the payment of a large
debt.

The attachment created a lien on the property.  The
husband was much involved, and the effect of the assign-
ment of the policy to the wife was to give to her, regard-

less of the claims of creditors, the benefit of this insurance in the event the property was destroyed.

It was a new contract between the companies and Mrs. Allen by which she became the assignee of the policies; and it was her duty, or that of the husband, when procuring the assignment, to make known to the insurers all the facts material to the risks.

"Any change," says Mr. May in his work on Insurance, "in the state of health of the person or condition of the property to be insured, pending the negotiations, if such changes would naturally have any influence on the judgment of the insurers, must be made known, as the state of facts existing at the time of the completion of the contract will be deemed to have been the basis of the contract." (Vol. 1, sec. 190.) Here is not a mere renewal of the policy, but an assignment to a third person who becomes, if entitled to recover, the sole beneficiary to the exclusion of the husband and his creditors. The land upon which the buildings stand and the buildings are liable to the husband's debts as against any claim of the wife, but to place the wife in a condition where she may have a part of this realty against any creditor's claim, the husband causes the policies to be assigned to the wife, when all the property, including the buildings, would not satisfy the demands of creditors. The only way then in which the wife can reap the benefit of the assignment is by the destruction of the property; and, while no such motive is attributed to the parties in this case, it is manifest that an insurance agent of ordinary business capacity upon such a state of fact presented to him would hesitate to issue a policy or consent to its assignment to the wife.

Whether the mere levy of an attachment constitutes such a lien as to affect an insurance obtained otherwise in good faith, is one of doubt, and we are inclined to think it would not.   But in a case where the wife is the assignee of the policies and the debts of the husband are sufficient to take all the estate conveyed to the wife, and are in fact asserted against it when the policy is assigned to the wife, it seems to us a concealment of these facts, or a failure to disclose them, must prevent a recovery on the policy.

It was the duty of the insured to make full disclosure to the companies with which they were contracting of every fact material to the risk and that was unknown to the insurer.

In our opinion the demurrer should have been over-ruled as to the third paragraph of the answer.    The judgment in each case is reversed and remanded for proceedings consistent with this opinion.