CASE 67—ACTION ON INSURANCE POLICIES—DEC. 4.

# Palatine Ins. Co. v. Weiss & Others.
# Merchants Ins. Co. v. Same.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.   AFFIRMED.

FIRE INSURANCE—TOTAL LOSS—EVIDENCE.

Held:   1. Under Kentucky Statutes, section 700, providing that fire insurance companies "in case of total loss" shall be liable for the value of the property as fixed in the face of the policy, there is a total loss where the insured building is so broken and disintegrated that it can not be designated as the structure which was insured, though some parts of the building may remain standing, or where the building has been so injured by fire and water that it is unsafe, and has to be torn down.

2. Upon an issue as to whether there has been a total loss, evidence as to what it would cost to replace the building is not admissible.

3. There can be no error for the refusal to permit witnesses to testify, where there was no avowal as to what they would prove, and no exception to the exclusion of their testimony.

Palatine Ins. Co. v. Weiss and others.   Merchants Ins. Co. v. Same.

JOHN BARRET AND D. W. SANDERS, FOR APPELLANTS.

H. R. PREWITT OF COUNSEL.

We think the lower court should be reversed, because:

*First.* It erred to the prejudice of the appellant in excluding the testimony offered by the appellant on the trial of the action before the jury, tending to show that the loss suffered by the fire was partial and not total, and further the actual damage and loss to the property.

2. The court erred in giving the third instruction to the jury which was to the effect that a *total loss* was when a building has lost its identity and specific character as a building, and becomes so far disintegrated as a building, although some part of it may be standing.

3. As to the first ground, the evidence offered was certainly competent to show what the costs would be to replace the building in its condition before the fire.   Royal Ins. Co. v. McIntire, 37 S. W., 1068; Corbett v. Spring Garden Ins. Co., 50 N. E., 282; Aranzamindi v. Ins. Co., 2 La., 432; Saltus v. Ins. Co., 12 Johns., 107; Insurance Co. v. Fogarty, 19 Wall., 640; Brady v. Ins. Co., 11 Mich., 426; Williams v. Insurance Co., 54 Cal., 422; O'Keife v. Liverpool, London & Globe Ins. Co., 140 Mo., 558.

W. W. THUM, MAX DAVIS AND ZACK PHELPS, FOR APPELLEES.

(No brief for appellee in record.)

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The above cases were tried together in the court below, and a verdict rendered in each case in favor of the appellees for $1,000.   The property insured consisted of a two and a one story brick and frame building adjoining and communicating with each other, located on the east side of Baxter avenue, between Beargrass creek and Hamilton avenue, in Louisville, Ky., and were used as warerooms and as a mattress factory.   The petition in each case alleges a total loss.   The answers admit the execution of the policies, and the liability of the companies thereon, but allege in avoidance that the policies provided: "That, in event of a disagreement of the amount of the loss, the same shall

be ascertained by two competent and disinterested ap-
praisers, the assured and this company each selecting one,
and the two so chosen shall first elect a competent and dis-
interested umpire.  The appraisers shall then estimate and
appraise the loss, stating separately sound value and dam-
age, and, failing to agree, shall submit their difference to
the umpire, and the award in writing shall determine the
amount of such loss.   That no suit or action on the policy
for the recovery of any claim shall be sustainable in any
court of law or equity until after full compliance by the in-
sured with all of the foregoing requirements."   They fur-
ther allege, "that there was a disagreement as to the
amount of loss, and a demand by the insurance companies
that the question as to the amount of the loss be submit-
ted to arbitrators; and that they appointed one Reeser as
their appraiser, and requested the plaintiff to appoint
some suitable person to act for her in such matter.   That
the plaintiff refused to take any steps looking to an ap-
praisement."   And they further allege "that the buildings
were not a total loss; that there remained standing unin-
jured by fire or water enough of said buildings to material-
ly aid in their reconstruction."

In the reply appellees denied that the buildings were not
a total loss, or that there was a material part of the walls
and foundation of the buildings standing, which could be
used as a basis to restore them to the condition in which
they were before the fire.   The trial before a jury resulted
in a verdict for appellees for the amount of the policies,
and a judgment was rendered therefor, with interest from
the 3d day of October, 1897.

The main question to be determined upon  this appeal
is, what is the meaning of the words "total loss" when ap-
plied to a building, under section 700 of the Kentucky

Statutes, which reads as follows: "Insurance companies that take fire or storm risks on real property in this Commonwealth shall, on all policies issued after this act takes effect (in case of total loss thereof by fire or storm), be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in cases of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured: provided, that the estimated value of the property insured may be diminished to the extent of any depreciation in the value of the property occurring between the dates of the policy and the loss; and; provided, further, that the insured shall be liable for any fraud he may practice in fixing the value of the property, if the company is misled thereby." This identical question has been considered in numerous adjudicated cases by the courts of other States in construing statutes similar, if not identical, with our own.

In the case of Insurance Co. v. McIntyre (Tex. Sup.), 37 S. W., 1068; (35 L. R. A., 672), after reviewing all of the authorities, English and American, up to that date, the supreme court of Texas, through Judge Durman, summarized its conclusions in these words: "We are of the opinion that there can be no total loss of a building so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury. Whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured would, in proceeding to restore the building to its original condition, utilize such remnant as such basis."

While in the case of O'Keefe v. Insurance Co. (Mo. Sup.), 41 S. W., 922, (39 L. R. A., 819), it was held that "a building

468 KENTUCKY REPORTS. [Vol. 109

Palatine Ins. Co. v. Weiss and others.   Merchants Ins. Co. v. Same.

that has lost its identity and specific character as a building, and become so far disintegrated that it can not properly be designated as a building, although some parts of it may remain standing in such condition that they could be safely used for rebuilding, is a total loss, within the meaning of the statute requiring full payment of insurance in case of total loss." In Seyk v. Insurance Co. (Wis.), 41 N. W., 443, 3 L. R. A., 523, it was held by the supreme court of Wisconsin that "a building is entirely destroyed, within the meaning of the statute, so as to make the amount stated in the policy the measure of damages for its loss, when all of the combustible material in it is destroyed, although portions of the brick walls are left standing, but are useless as walls."

To the same effect are the following decisions: Oshkosh Packing and Provision Co. v. Mercantile Ins. Co. (C. C.), 31 Fed., 200; Insurance Co. v. Eddy, 36 Neb., 461, (54 N. W., 856), (19 L. R. A., 707); Insurance Co. v. Bachler, 44 Neb., 549, (62 N. W., 511); Insurance Co. v. Garlington, 66 Tex., 103, (18 S. W., 337), (59 Am. Rep., 613); Huck v. Insurance Co., 127 Mass., 306, (34 Am. Rep., 373); Williams v. Insurance Co., 54 Cal., 450.

It is unnecessary to multiply citations from authorities bearing upon this question. It is the opinion of the court that the words "total loss," when applied to a building, do not mean that the materials of which the building was composed were all totally destroyed and obliterated. It is not necessary that all of the parts and materials composing the building should be absolutely and physically destroyed, but the inquiry always is, does the insured building, after the fire, still exist, preserving substantially its identity, or has it become so broken and disintegrated that it can not be designated as the structure which was

insured? There may be a total loss, within the meaning of
the statute, even though some parts of the building may
remain standing after the fire. See Wood, Ins., section
107; May, Ins., section 420a; Ostr., Ins. (2d Ed.), section
610; Bid. Ins., section 1375; Joyce, Ins., sections 3025, 3030;
Beach, Ins., section 890; Black, Law Dict., "Total Loss;"
Judah v. Randal, 35 Am. Rep., 77; Harriman v. Insurance
Co., 49 Wis., 71 (5 N. W., 12).

In this case the proof as to the condition of the build-
ings is conflicting. Several witnesses for appellants tes-
tify, in substance, that the foundations and a part of the
walls left standing were good and suitable for use in re-
building the structures. While, on the other hand, wit-
nesses for appellees testify that the walls left standing
had been condemned by the city inspector of buildings, and
appellees required to take them down; that they were
crooked, and out of line, and had been so injured by the fire
and water as to be unsafe for use in rebuilding the struc-
tures.

Counsel for appellants complain that the trial court
erred in refusing to allow certain witnesses introduced by
them as experts to testify what it would cost to replace
the building in the condition it was before the fire. On
this point it may be said that there was no avowal as to
what the witnesses would prove, and the record does not
show that any exception was taken to the exclusion of
this testimony by the trial court; and it could not, there-
fore, be a ground for a reversal here, even if the testimony
were competent. But we are inclined to the opinion that
it was not competent testimony. Appellees base their
claim on the theory that the buildings were a total loss
under the statute. If they failed to show that a total loss
existed to the satisfaction of the jury, they were not enti-

470            KENTUCKY REPORTS.            [Vol. 109

Palatine Ins. Co. v. Weiss and others.   Merchants Ins. Co. v. Same.

tled to recover.   If it did exist, then appellants were liable for the full estimated value of the insured property as fixed in the face of the policy.   The statute, in cases of total loss, takes away the right to raise any question as to the value of the building insured at the time of the loss.

It is claimed that the court erred in the instructions which the court gave to the jury.   They are as follows: "No. 1. The court instructs the jury that the law is for the defendant, and they should so find, unless they shall believe from the evidence either or both of the following propositions are true:   First, that the fire of the 28th of July, 1897, destroyed the identity and specific character of plaintiff's building as a building; or, second, that said fire, and the water used in the attempts to extinguish same, so injured and destroyed all parts of said building above ground as to render the said building so unsafe and useless as a building as to require the walls, or whatever was left standing of the building, to be torn down, and said building to be rebuilt throughout in order to be used as a building.   No. 2. The court instructs the jury that if they believe from the evidence that either or both of the above-mentioned propositions are true, then the law is for the plaintiff, and the jury should so find, unless the jury shall believe from the evidence that the plaintiffs, or either of them, practiced fraud in fixing the value of the property that misled the defendant company, in which latter event the law is for the defendant, and the jury should so find. No. 3. If the jury find for the plaintiff, they should assess her recovery against the Merchants' Insurance Company in the sum of $1,000, with interest from October 23, 1897, and against the Palatine Insurance Company in the sum of $1,000, with interest from October 23, 1897."

The instructions substantially, and, we think, fairly, gave to the jury the law applicable to the case; and the court committed no error in refusing to instruct the jury for defendants that "there could be no total loss of a build-- ing so long as the remnant of the structure standing is rea- sonably adapted for use as a basis upon which to restore the building to the condition in which it was before the in-- jury; and whether it was so adapted depended upon whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before the in- jury, would, in proceeding to restore the building to its original condition, utilize such a remnant as such basis."

Several other points were suggested in the motion and grounds for a new trial, but, as they have all been passed on in this court in former opinions adversely to the con- tention of appellants, it is unnecessary that we should again consider them. The case of appellees is staked upon the claim of total loss, and the jury, under proper instruc- tions, have sustained their contention. Their verdict con- cludes the fact. Judgment affirmed.