CASE 104—ACTION ON A POLICY OF FIRE INSURANCE—Nov. 13.

## Thuringia Ins. Co. v. Malott.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

FIRE INSURANCE—VALUED POLICY STATUTE—WHAT CONSTITUTES TOTAL Loss.

Under Kentucky Statutes, sec. 700, providing that fire insurance companies, in case of "total loss," shall be liable "for the full estimated value of the property insured, as the full value thereof is fixed in the face of the policy," it was proper to instruct the jury that by "total loss" is meant such injury to the insured building "as to destroy its identity and specific character as a building, or such injury or damage to all the parts and materials of said building as to render the same unsafe, or without value, as the same remained after the fire, for the purpose of reconstructing the building substantially as it existed before it was burned."

THOS. W. BULLITT and WM. MARSHALL BULLITT, Attorneys
FOR APPELLANT.

Mrs. Malott, appellee, held a policy of insurance issued by
appellant on her residence in Louisville. Its value was ex-
pressed in the policy as $1,800.

In her suit she claimed that the injury amounted to a "total
loss" of the property insured.

The appellant traversed this averment, insisting there had
been only a partial loss.

There was evidence conducing to show that the loss was
not total in any sense: that the foundation, chimneys and a
considerable portion of the superstructure were not damaged
by the fire; that the house was *capable of repair and of restor-
ation* to its original condition by the expenditure of about
$600, and was actually so restored at a cost of about $600.

The appellant offered the following instruction, viz.:

"The term 'total loss' or 'totally destroyed' as applied to the
defendant's building, means, not necessarily that all the ma-
terials composing said building have been destroyed, but does
require that the building shall have been so far destroyed or
injured that it shall have lost its *specific character* as a build-
ing *and, instead,* shall have become a disintegrated mass, *or
so far* disintegrated that the house *can not be restored* to its
original condition *by making repairs* thereon, or that such
repairs, if made, would cost as much as it would to tear down
and rebuild the house."

This instruction was refused, to which appellant excepted.

The court of its own motion gave the following instruction:

"By 'total loss' or 'totally destroyed,' as used in these in-
structions, is not necessarily meant a reduction to ashes or
complete destruction of the property or building, but such in-
jury or damage by fire to the building of the plaintiff as to
destroy its identity and specific character as a building, or such
injury or damage to all the parts and materials of said build-
ing as to render the same unsafe or without value, as the same
remained after the fire, for the purpose of reconstructing the
building substantially as it existed before it was burned."

This instruction was excepted to by the appellant.

This appeal requires a construction of the term "total loss"
as used in the following clause in the Kentucky Statutes; viz.:

"Sec. 700. Liability of company for value of property as fixed
struct the jury that by "total loss" is meant such injury to
risks on real property in this Commonwealth shall, on all
policies after this act takes effect (in case of total loss thereof
by fire or storm), be liable for the full estimated value of

Thuringia Ins. Co. v. Malott.

the property insured as the value thereof is fixed in the face of the policy; and in cases of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured."

We insist that the instruction given by the court does not correctly construe or fully explain the statute as required by the pleading and evidence in this case.

### AUTHORITIES CITED.

O'Keefe v. Liverpool L. & G. Ins. Co., 39 L. R. A., 819 (140 Mo., 558); Seyk v. Millers' Nat. Ins. Co., 3 L. R. A., 523 (74 Wis., 67); Oshkosh Pkg. Co. v. Mercantile Ins. Co., 31 Fed., 200; German Ins. Co. v. Eddy, 19 L. R. A., 707 (36 Neb., 461); Ins. Co. v. Bachler, 62 N. W., 911 (Neb.); St. Clara Academy v. N. W. Nat. Ins. Co., 73 N. W., 768 (98 Wis., 257); Royal Ins. Co. v. McIntyre, 35 L. R. A., 672 (Texas, 1896); Harriman v. Ins. Co., 49 Wis., 71 (5 N. W., 12); Williams v. Ins. Co., 54 Cal., 449; Corbett v. Spring Garden Ins. Co., 50 N. E., 282; Ampleman v. North British & Mer. Ins. Co., 35 Mo. App., 320.

GARDNER & MOXLEY FOR APPELLEE.

Total loss, within the meaning of section 700, Kentucky Statutes, known as the "Fallis law," does not mean entire destruction or loss of value, but means destruction of identity or specific character as a building, although some portion of the building may remain intact.

In this case, however, the testimony for appellee showed that no part of the debris of her house could have been used in reconstructing the same substantially as it existed before the fire.

The instruction given in the case of Palatine Ins. Co. v. Weiss, 22 Ky. Law Rep., 994, approved by this court, is substantially the same as was given in the case at bar.

### AUTHORITIES CITED.

Oshkosh Pack. Co. v. Ins. Co., 31 Fed. R., 200; Manchester F. Assur. Co. v. Feibelman (Ala.), 22 So. R., 759; Williams v. Hartford Ins. Co., 54 Cal., 442; Monteleone v. R. Ins. Co., 47 La. Ann., 1563; O'Keefe v. Liverpool Ins. Co., 140 Mo., 558; German Ins. Co. v. Eddy, 36 Neb., 461; Ins. Co. v. Bachler, 44 Neb., 541; Thomas v. Western Ins. Co. (Penn.), 5 Sup. Ct. Rep., 382; St. Clara Female Academy v. Ins. Co., 98 Wis., 257; Am. & Eng. Ency. of Law (2d Ed.), vol. 13, p. 328; Ragal Ins. Co. v. McIntyre, 34 S. W. R., 669; L. & N. R. R. Co. v. Howard, 82 Ky., 212; Buford v. L. & N. R. R. Co., 82 Ky., 286; Seyk v.

Ins. Co., 74 Wis., 72; Palatine Ins. Co. v. Weiss, 22 Ky. Law Rep., 994; Linder v. Ins. Co., 67 N. W., 1125; Cornett v. Spring Garden Ins. Co., 85 Hun., 250; Havenor Ins. Co., 124 Mo., 402; London & L. F. Ins. Co. v. Turnbull & Co., 86 Ky., 238; Ins. Co. v. Hott, 35 Ohio St., 192; Thomas v. Builders' Ins. Co., 119 Mass., 121; New Jersey Ins. Co. v. Nichol, 35 N. J. E., 291.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee's frame dwelling house was insured by appellant against loss or damage by fire. While so insured it sustained a damage which appellee contends was a total loss, but which appellant, on the contrary, insists was a partial loss only. Other questions were presented and tried out before the jury in the circuit court, but the verdict of the jury, there being no ground of complaint as to the instructions concerning them, must be taken as conclusive. The sole question that we feel called upon to dispose of here, indeed the only one pressed upon us in argument, is the correctness of the trial court's instruction to the jury defining the term "total loss," as used in section 700 of Kentucky Statutes. That section is as follows: "Liability of Company for Value of Property as Fixed in Policy: That insurance companies that take fire or storm risks on real property in this Commonwealth, shall on all policies after this act takes effect (in case of total loss thereof by fire or storm), be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in cases of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured." After the trial of this case and after this appeal had been prosecuted, this court had before it the case of Palatine Ins. Co., v. Weiss, 109 Ky., 464, 22 R., 994; 59 S. W., 509. We then construed the section of the stat-

ute, supra, and approved an instruction given by the same court defining "total loss" that was substantially in the language of the one given in this case, though this instruction differs in a particular which will be hereafter noted. The instruction given in this case was as follows: "By 'total loss' or 'totally destroyed,' as used in these instructions, is not necessarily meant a reduction to ashes, or complete destruction of the property or building, but such injury or damage by fire to the building of the plaintiff as to destroy its identity and specific character as a building, or such injury or damage to all the parts and materials of said buildings as to render the same unsafe, or without value, as the same remained after the fire, for the purpose of reconstructing the building substantially as it existed before it was burned." Learned counsel for appellant, insist that the instruction just quoted goes beyond what we held in Palatine Ins. Co v. Weiss, supra, and further argue, with much earnestness and evidence of zealous investigation and preparation, that the rule laid down in the Palatine case above was not fully sustained by the authorities upon which it was based, and that, as the court did not express other and independent reasons therefor, the rule there announced should be modified. We have carefully re-examined the authorities cited in the opinion and others, and have upon reconsideration of the reasons underlying the rule and construction given, concluded that it is sustained by both precedent and reason.

What is the contract of insurance? What does it insure? It is, as is universally held, an indemnity against loss to the property owner; but an indemnity against loss of what? An examination of the standard contracts of insurance at once shows that the thing insured is the building or structure as such, and not the materials of which

it is composed. We find in all, or nearly all, of such contracts a provision that if the building should fall before, and not caused by, fire, and then be consumed by fire, the contract does not cover such loss. Therefore it is not the material that is insured as such against a loss or damage by fire, but it is the structure. Nave v. Insurance Co., 37 Mo., 430), 90 Am. Dec., 394.) Of course, the structure or building can neither be destroyed nor damaged unless some or all of the material composing it is burned. There would be no argument in this case if the fire had destroyed all the material in the building. All the material was not destroyed. The foundation and the chimneys were not destroyed. Certain walls were not totally destroyed, though more or less damaged or impaired. Certain floors and joists were not totally destroyed, though damaged. It is argued, and it is true, that the statute recognizes that there may be a partial loss of the building instead of a total one. So there may be, and in such event the damages actually sustained only can be recovered. The mind can easily imagine examples of such partial loss, and about these there would be no argument. The difficulty arises where the loss is so great that it appears to go beyond one that is partial, and to come probably within one that is total. The nearer the dividing line between the two, the greater is the difficulty to determine the fact. Yet each case must fall within the one or the other of the list. What we are expected to do, and asked to do, is to lay down the general rule by which this classification can be made by the juries according to the facts in the particular case. In Palatine Ins. Co. v. Weiss, supra, we said: "It is the opinion of the court that the words 'total loss,' when applied to a building, do not mean that the materials of which the building was composed were all totally de-

stroyed and obliterated. It is not necessary that all of the parts and materials composing the building should be absolutely and physically destroyed, but the inquiry always is, does the insured building after the fire still exist, preserving substantially its identity, or has it become so broken and disintegrated that it can not be designated as the structure which was insured? There may be a total loss, within the meaning of the statute, even though some parts of the building may remain standing after the fire."

It has been held that the destruction of the combustible part of the building would be a total loss (Oshkosh Packing & Provision Co. v. Mercantile Ins. Co [C. C.] 31 Fed., 200; Assurance Co. v. Feibelman [Ala.] 23 South., 739; Monteleone v. Insurance Co., 47 La. Ann., 1563, 18 South., 472; that the destruction of all save the foundation and chimneys, leaving them intact, would be a total loss (Lindner v. Insurance Co., 93 Wis., 526, 67 N. W., 1125; St. Clara Female Academy of Sinsinawa Mound v. Northwestern Nat. Ins. Co., 98 Wis., 257, 73 N. W., 768, 67 Am. St. Rep., 805); that a destruction of all save the foundation and the chimneys and the floors would be a total loss (Insurance Co. v. Bachler [Neb.] 62 N. W., 911); that though one or more of the walls were left standing, which might be utilized, or the material of which might be utilized in reconstructing the building, it was a total loss (Williams v. Insurance Co., 54 Cal., 442, 35 Am. Rep., 77 (Insurance Co. v. Garlington, 66 Tex., 103), 18 S. W. 337, 59 Am. Rep., 613). From the authorities relied upon in the Palatine Ins. Case, supra, and those herein cited, and from others examined, we feel justified in stating that there is total loss of a building, when caused by fire or in consequence of fire, when the building as such has been so injured or damaged as to destroy its identity and

Thuringia Ins. Co. v. Malott.

specific character as a building, though much or any quantity of the material originally composing it is not consumed; or when a building has been so damaged by fire, or by reason of fire, that its character as a building has been so impaired as to be no longer safe and fit for use as such, and in consequence the material would have to be taken down and the building reconstructed, there is a total loss of that building, within the contemplation of the statute; or where so much of the material of which the building was made has been destroyed by fire, or by reason of fire, as to leave what remained of no material value as a building, although it may have value as debris or salvage, there has been a total loss of that building, within the contemplation of the statute. If the remaining part of the building can, by repairing it, be restored to the former condition of the original just before the fire, the loss would be a partial one; but if, instead of repairing a damaged part, substantially a reconstruction of the whole would be necessary to restore the building, then the loss is total.

It is argued that the instruction given in this case goes beyond the former opinion of this court on this subject in this: wherein it says "that such injury or damage to all parts of said building as to render the same unsafe," etc. It will be noted, though, that the instruction requires the jury to find that the fire has so damaged all the parts and materials of the building as to render it unsafe, as it remained after the fire, for the purpose of reconstructing the building substantially as it existed before it was burned. Now, if it was the material in the building that was insured, without reference to the entity of the structure, a different rule would necessarily exist.

Stress is made in argument on the fact that, if the remaining materials—such, for example, as the foundation

or a wall—are of value to the owner, it would neither be right to the insurer nor a safe public policy to allow the insured to recover as if they had been totally destroyed in fact. So far as the question of public policy is concerned, it was formerly believed that it was unwise to allow a recovery by the insured in excess of the actual value of the thing insured, because it was thought so doing would offer an inducement to dishonest persons to overinsure their property, tempting them to commit the crime of arson; that they might profit by it. This rule was long in force, but it was found in the experience of the world that it was not having the desired effect. Thereupon statutes of the tenor of the one quoted above were adopted by various States. We can not say that the results of this later experiment are not justifying the expectations of the law-makers. In Insurance Co. v. Cooke 101 Ky., 412 (19 R., 551) 41 S. W., 279, we had the question of public policy under the statute, supra, for the first time before this court. We there said: "It is perfectly evident that the Legislature intended to remedy the evil of overvaluation in insurance, and in doing so followed the example of many other States of the Union by making the insurer responsible for overvaluation, and to do this the remedy was and is to compel the insurer to pay the full amount (in case of total loss) for which they wrote their policy, and on which the premium is calculated and collected, subject only to be diminished by any deterioration in value between the dates of the policy and the loss, and providing, further, for relief for fraud on the part of the insured, where the insurer is deceived thereby. In other words, the law says to the insurance companies: 'If you want to pay only a fair price for property that may be destroyed, you must adjust the matter before the policy is issued, and if you fail to do so, you will be the loser.'

. . . As to whether it is right, we do not say.   It is the law, and, if recognized and obeyed in spirit, would no doubt remedy a great and growing evil in the country." So far, therefore, as the insurer's right is concerned, in a claim of total loss, the question is not how much has the insured lost, but has the fire produced such conditions as in law constitute a total loss of the building?   If it has, then, in the absence of fraud and the depreciation provided for in the statute, the insurer must pay the sum stated in the policy, without reference to the actual loss sustained. The law, as a public policy conclusively presumes such sum, in that case, to be the actual damage sustained under the contract of insurance.   Nor do we conceive that it can be of importance to the insurer whether the material that was formerly in the building that he insured was destroyed by fire or not, so long as there has been a destruction of the building by fire,—the thing insured.

We regard the instruction given in this case as an apposite, clear definition of the law which it undertakes to apply.   The judgment is affirmed, with damages.