## Aetna Insurance Company v. Weekley.

(Decided January 28, 1930.)

FRANK M. DRAKE and W. F. GRIGSBY for appellant.

JOE POLIN and C. M. McCHORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

On December 18, 1927, the appellee and plaintiff below, G. N. Weekley, held a fire insurance policy issued

to him by the appellant and defendant below, Ætna Insurance Company, whereby it insured him against loss or damage to his dwelling in Washington county to the amount of $600, and against loss or damage to a nearby barn in an amount not exceeding $300, and which policy was in full force and effect. On that day both the dwelling and the barn were destroyed by fire, and this action was filed by plaintiff against defendant in the Washington circuit court on May 18, 1928, to recover the total amount of insurance contained in the policy. It was alleged in the petition that the dwelling house was entirely consumed by the fire, and that fact was testified to and was uncontradicted in the testimony. The barn was not entirely consumed by the fire, but the roof was completely burned, the inside walls scorched and burned, and the few remaining upright portions of the wall were, according to the proof, totally worthless for any purpose except, perhaps, kindling wood; and under the settled rule and a number of opinions of this court it was totally destroyed for any purpose for which it was constructed and was thereby a "total loss" within the meaning of the policy. 2 C. J. 349, sec. 447; Springfield F. & M. Ins. Co. v. Shapoff, 179 Ky. 804, 201 S. W. 1116; Thuringia Ins. Co. v. Malott, 111 Ky. 917, 64 S. W. 991, 23 Ky Law Rep. 1248, 55 L. R. A. 277, and Palatine Ins. Co. v. Weiss, 109 Ky. 464, 59 S. W. 509, 22 Ky Law, Rep. 994.

The answer as amended consisted of four paragraphs: (a) A denial of some of the material averments of the petition; (b) that no proof of loss was furnished by plaintiff as required by a condition in the policy before action could be maintained thereon; (c) a violation of the condition in the policy against a change of interests of the insured therein; and (d) fraudulent concealment by plaintiff at the time the policy was issued of facts material to the risk, in violation of a condition contained in the policy. Subsequent pleadings, demurrers, and motions made the issues, and upon trial the jury under the instructions of the court returned a verdict for plaintiff for $600, the amount of the insurance on the dwelling, and $250 damage to the barn, a total of $850. Defendant's motion for a new trial was overruled, and from the judgment pronounced on the verdict it prosecutes this appeal, insisting as grounds for reversal upon the defenses (b), (c), and (d) contained in its answer, all of

which were overruled by the court, except defense (b), to which a plea of waiver was interposed by plaintiff and found by the jury against defendant under an instruction to which complaint is made on this appeal. The grounds argued and relied on for reversal by counsel for defendant will be disposed of in the order named.

It is strenuously insisted that there was no evidence to submit, or for the jury to find, that defendant had waived the formal proof of loss, the absence of which was relied on in defense (b); but we are not inclined to agree with that contention. The insured, at the time of the fire, was sick, and confined to his bed, and he made his wife, Mrs. Weekley, his agent to look after and negotiate a settlement of his claim under the policy. She testified that she approached the local agent and notified him of the fire and its results, and that he, in substance, told her that he would look after it and adjust the loss. He was dilatory in that respect, and she called on him a number of times and testified that the agent told her that the adjuster had visited the place of the fire and would settle the loss as soon as he could reach it in the discharge of his multiplied duties, and that she was neither requested to make out a proof of loss, nor was she furnished a blank for that purpose, and that such assurances were, in substance, given her by the local agent on a number of occasions. She had no conversation with the adjuster of defendant, but was informed as she stated, by the agent that the adjuster had been upon the scene and concluded and promised as above indicated. The agent admitted visiting the scene of the fire with the adjuster and that "the loss was a total loss." He furthermore said: "I told her he (the adjuster) was looking after the loss." But he denied that he told Mrs. Weekley that he, as agent, or the adjuster, would settle and adjust the loss. He also admitted that he told plaintiff's wife that he had received a letter from the adjuster in which the latter stated that he had been detained, and giving the date when he would be in Springfield to look after the loss; but he did not testify that he notified the plaintiff or his wife when the adjuster did arrive.

Matters ran along until five months had elapsed from the time of the fire, without any requirement of proof of loss and without any objection to the settlement of the claim on any such ground. On the contrary, if the assurances testified to by Mrs. Weekley were true, they were

sufficient in law to constitute a waiver of proof of loss as a condition precedent to the filing of this action to recover on the policy. 26 C. J. 403, pars. 516, 517, and Kenton Insurance Co. v. Wigginton, 89 Ky 330, 12 S. W. 668, 11 Ky. Law Rep. 539, 7 L. R. A. 81. However, the instruction given by the court submitting to the jury the issue of waiver is complained of, and we think justly so. Instruction No. 1 given by the court directed a verdict for plaintiff, unless the jury should believe that he failed to furnish proof of loss within 60 days from the date of the fire as required by the policy, and instruction No. 2 (the one complained of) told the jury that, although it might believe that the plaintiff did not furnish proof of loss as indicated in instruction No. 1, still it should find for·him if it believed from the evidence "that defendant waived or dispensed with proof of loss," without submitting any fact or facts that would constitute in law a waiver or dispensing with such proof. In other words, the instruction left it to the jury to determine and say what, according to the views of its members, was sufficient to create a waiver or to dispense with the requirement for proof of loss.

It is the universally declared rule that what facts are necessary to create a waiver is a question of law; but, whether such facts were or not true, if denied, is a question to be determined by the jury under proper instructions, and clearly an instrution that does not submit what facts would constitute a waiver is lacking in legal requirement. 40 Cyc. 270, and 27 R. C. L. 912 sec. 7. The texts in the two cited publications clearly state the rule, in substance, as above indicated, and it is adopted and followed by all courts so far as we are aware. The court therefore erred in not submitting to the jury the facts testified to by Mrs. Weekley as constituting the waiver relied on by plaintiff, and directing it to find the existence of the waiver if they believe those facts; otherwise to reject the relied on waiver and to return a verdict for defendant; and if so returned on this ground alone for the failure of plaintiff to furnish such proofs of loss and the failure of defendant to waive it the jury will so state in its verdict, and if so done the court will dismiss the petition without prejudice.

The foundation for defense (c) was and is that after the issuing of the policy there was a judgment rendered by the Washington circuit court directing the sale of the

property to satisfy some liens on it, and that the property had been advertised by the master commissioner pursuant to directions in that judgment; but before the advertised day of sale the fire occurred and destroyed the insured building, and it is insisted that the judgment directing the sale ipso facto worked a "change of interest" of the insured in and to the property so as to forfeit the policy under one of its provisions against such a change, and the only Kentucky cases relied on in support of that contention are Ohio Valley Fire & Marine Insurance Co. v. Skaggs, 216 Ky. 535, 287 S. W. 969, 970; Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760; and Cook's Adm'r v. Franklin Fire Insurance Co., 224 Ky. 360, 6 S. W. (2d) 477.

In the Skaggs case the defense now under consideration was not involved, since the question there was a reliance on a condition in the policy rendering it void "if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." The facts constituting a violation of that condition in that case, and which were undenied, deprived the insured of sole and unconditional ownership of the insured property. It not only had that effect, but it likewise served to create a "change of interest" of the insured in the involved property. But the opinion nowhere intimated that a mere judgment for the sale of the property would create such a "change of interest" as would avoid the policy under a similar condition to the one here relied on. On the contrary, the opinion in the Cook case held, in effect, that such a judgment in and of itself would not create such a "change of interest" as would forfeit the policy under the same or similar condition that we now have under consideration. However, in that case the master commissioner had executed the judgment by selling the property and accepting the bid of the purchaser and taking from him the purchase bond, which we held *did* constitute such a *change of interest* as to forfeit the policy under a similar condition to the one now being discussed.

On the contrary, the opinion in that case referred to the cases of Springfield Fire & Marine Insurance Co. v. Phillips, 16 Ky. Law Rep. 352, 390, and German Fire Insurance Co. v. Duncan, 140 Ky. 27, 130 S. W. 804, the

opinions in which expressly denied the contention of counsel herein under this defense, and said that a judgment for the sale of the property or any step in the progress of negotiations for its sale, not amounting to a deprivation of title in the insured, would *not* create such a "change of interest" as to forfeit the policy under such a condition. The Mullins case is no more applicable in support of this defense than the other two relied on domestic ones which we have briefly discussed. We therefore conclude that this defense is not available and was properly disallowed by the trial court.

Under defense (d) it is contended that at the time of the issuing of the policy an action to enforce liens on the property was then pending, and that it was the duty of plaintiff to disclose to defendant or its agent that fact, and which duty it is claimed arose under a condition in the policy saying: "This Policy being based upon the mutual good faith of the parties hereto, it is understood and agreed that any fraud or attempted fraud or false swearing by the insured or person or persons authorized to represent the insured, affecting any matter relative to this insurance or the subjects thereof, whether before or after the loss or damage, shall cause a forfeiture by the insured of all claims against this Company and be a complete relinquishment to any right of recovery for loss or damage under this entire Policy."

In the first place, we seriously doubt if the language of that condition has any application to facts in existence, and not inquired about, at the time the policy was issued; or, in other words, that it applies only to facts and conditions arising subsequent to the issual of the policy. But if it should be conceded that it refers to facts existing at the time of the making of the insurance contract, then we do not conclude that the mere pendency of an action to enforce a lien upon the property is such a material fact as is contemplated by the language of the relied on condition, so as to work a forfeiture of the policy if the insured did not disclose the fact of such pending action when not inquired of concerning it by the insured. We cannot conceive that the pendency of an action to enforce a lien would or could create any greater moral hazard to the preservation of the property than the mere existence of the lien without an action filed to enforce it; and this and other courts are quite unanimous

in their conclusions that the failure to disclose an existing incumbrance, when not inquired about, is not the concealment of a material fact so as to avoid or forfeit the policy under similar conditions to the one now under consideration. That holding, with reference to existing incumbrances at the time of the obtention of the policy, is quite universal, and we deem it unnecessary to cite cases either foreign or domestic in support thereof. There is no pretense that any inquiry was made of plaintiff concerning either incumbrance or pending actions to enforce them.

The case of Home Insurance Co. v. Allen, 93 Ky. 270, 19 S. W. 743, is relied on in support of this defense, and it is contended that the opinion in that case is conclusive of it in favor of defendant. In that case the insured, after his policies were issued, conveyed the insured property to his wife, following which a creditor brought an action against him and his wife and attached the property as that of the insured husband and alleged that the conveyance to his wife was in fraud of his creditors including plaintiff therein. After that, the insured procured the policy to be transferred to his wife without disclosing the attack made by the suit filed against him attacking her title, and this court held that it was his duty at the time of his *assignment* of the policies to disclose that fact and that his failure to do so forfeited the policy under its provisions. We are utterly unable to find a parallel between the facts of that case and those in this one. No attack had been made in this case at the time of the issuing of plaintiff's policy upon his title, as was true in the Allen case. Conditions, so far as his title was concerned, were the same in law as if no action had been filed to foreclose the lien; for, until the sale of the property defendant could pay his debt and satisfy the incumbrance just as he could have done if no action had been filed to enforce the lien, and the existence of the incumbrance at the time of the issuing of the policy is not relied on as a defense, nor is it anywhere intimated that defendant did not have knowledge of it. The filing of the action to enforce the lien by plaintiff's mortgage was but a legal step to realize the amount of that lien and had no effect whatever to change the title or interest of the insured to the property covered by the policy. No outstanding facts

affecting the title or impairing it in any manner are shown in this case, but which *was* true in the Allen case. We therefore conclude that the court correctly rejected this defense.

However, for the error supra in the instructions, the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.