JUDGE HARDIN
delivered the opinion of the court.
This action was brought by the appellees as the owners and holders by assignment from J. M. Murphy of the following promissory note:
“$170.00. Louisville, Ky., Nov. 4, 1868.
“ Sixty days after date we promise to pay J. M. Murphy one hundred and seventy dollars for one brown mule, provided that said mule is in a sound and good condition.
Peter McKeoney, Jas. Treasey,”
McKegney alone filed an answer, in which, without any averment of fraud or mistake in the execution of the note, he alleged that it expressed only a part of a contract made *109 nt the same time between himself and Murphy, which induced the purchase of the mule described in the note, and formed part of the consideration of the note; by and in which entire contract he alleged that Murphy agreed to furnish to him in December, 1868, at his crib on Fifth Street, in the city of Louisville, five hundred bushels of corn, at the price of fifty cents per bushel; and that, although he had at all times been ready to comply with the contract, said Murphy had utterly failed on his part to do so; but by his failure to furnish the corn had broken and violated his contract, in consequence of which the defendant alleged that he had sustained damages in the sum of one hundred and seventy dollars, which he pleaded as a counter-claim, and prayed judgment, setting it off against the plaintiffs’ claim for the price of the mule.
To this answer the plaintiffs filed a demurrer, which was sustained by the court; and, the defendants not answering further, a judgment was rendered in favor of the plaintiffs for the amount of the debt claimed by them, and from that judgment the defendants have appealed.
The contract set forth by the answer being contemporaneous with the note and not in writing, the essential question to be determined is whether it was competent to set it up for the purpose of enlarging the terms and altering the import of the contract as expressed by the note, without alleging or proving that the failure of the parties to express their whole agreement in the written memorial was the result of either fraud or mistake.
There can be no doubt of the correctness of the general principle as laid down in 2 Parsons on Contracts, page 553, that “where the agreement between the parties is one and entire, and only a part of this is reduced to writing, it would seem that the residue may be proved by extrinsic evidence.” But this rule is, we think, restricted *110 in its application to cases in which the writing only purports to express a part of the contract, or is expressed in such short and incomplete terms as to render parol evidence necessary to explain what is per se unintelligible. (1 Greenleaf on Evidence, see. 282.) And in 1 Greenleaf, supra, section 275, it is said, as we think in accordance with the current of adjudication on the subject, that “where parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing.” This principle has been substantially recognized by this court in several cases, particularly the case of Wright v. Shelby Railroad Company, 16 B. Mon. 6.
In this case the note of the appellants purports to express the entire contract of the parties, and is not in its terms ambiguous or uncertain; and as it is inconsistent with the parol contract set up in the answer, it seems to us that the answer and counter-claim did not present a sufficient defense to the action, and the court therefore properly sustained the plaintiffs’ demurrer.
Wherefore the judgment is affirmed.