## CINCINNATI SOUTHERN R. Co. v. O. P. HOGAN.

[Abstract Kentucky Law Reporter, Vol. 7—820.]

### Terms of Written Contract Not Changed by Parol.

A written contract, in the absence of an averment that a part of it has been omitted by mistake or fraud, is the highest evidence of the agreement between the parties to it, but parol evidence may be introduced to show a different consideration from the one recited in it.

### Construction of a Deed Containing on Its Back a Plat.

The plat on the back of a deed and referred to in it is a part of the deed and will be construed together with the other parts of the deed.

**Discretion of Court to Permit Amendments to be Filed.**

The trial court under the code of civil procedure may in its discretion permit amendments to be made to pleadings, to make them conform to proof made, when such amendments do not substantially change the issues.

APPEAL FROM GRANT CIRCUIT COURT.

May 11, 1886.

OPINION BY JUDGE HOLT:

A statement in detail of the pleadings in this case is necessary to a full understanding of the numerous questions presented by the appeal.

The petition in substance alleges that the appellee is the owner of about thirteen hundred acres of land in Grant county, over which for a distance of two and one-fourth miles the railway of the appellant has been constructed; that it was authorized by law to acquire the right of way for it, not exceeding one hundred feet in width; that before its construction the Covington and Lexington turnpike ran over his land, furnishing him an excellent roadway for all purposes; that on August 10, 1872, he executed five deeds, and on September 26, 1872, another, granting to the appellant the right of way over his land for the railway, and also for the construction of a new turnpike in lieu of the one already there, as the appellant had already acquired by purchase all the right of the Covington & Lexington Turnpike Co. to it, as the most of it was required for the bed of their railway, and would thus be destroyed; that the appellant as the material part of the consideration for the deeds, and without which he would not have made them, agreed to construct and maintain a good turnpike on the east side of the railway throughout the entire length of his land; that it had built the railroad, but had not only refused to construct the turnpike but had made an indifferent one on the west side of the railway as to a portion of his land; that he has been damaged by the taking of his land for the railway and its construction and operation over his lands in the sum of $10,000, and in a like sum by the failure to build the turnpike upon the east side of it.

The relief asked is a cancellation of the deeds, and that he be placed in a situation to demand full indemnity in damages for the

construction of said railway over his lands; or if it can not be afforded, that then he be allowed damages for the failure to construct said turnpike east of the railway. A demurrer was interposed, based upon the ground that the petition did not allege any mistake, omission or fraud in the execution of the deeds, and that the appellee was therefore estopped from claiming or proving any consideration not expressed in them. They recite: "for and in consideration of the benefits to be deprived to the grantors by the location of the Cincinnati & Southern Railway through or in the vicinity of their lands, and of $1 to them paid, the receipt whereof is hereby acknowledged."

Where parties deliberately reduce their engagements to writing without any uncertainty as to their extent or object, the law conclusively presumes that the instrument expresses their entire agreement. The written memorial is the highest evidence of it; and in the absence of an averment that a part of it has been omitted by mistake or fraud it must be considered as stating the entire contract. *Stokes v. Warren,* 3 Bush (Ky.) 338; *McKegney v. Widekind,* 6 Bush (Ky.) 107. This rule is well settled; and is sustained by both reason and universal decision.

It is true that it has been held that it does not exclude evidence of a different consideration from one recited; but such testimony is not admissible to contradict a writing, if its effect is to create or extinguish a right in opposition to the writing. It is unnecessary, however, in this instance, to decide whether evidence aliunde the deeds is admissable upon the score that it relates merely to the consideration. They were prepared by the appellant after a survey had been made for both the railway and the purposed new turnpike. Upon the back of each of them at the date of their execution was an elaborate plat of the land granted by them, which shows its situation, the location of the railway through the land of the appellee, the turnpike as then existing, and the one which was to be constructed. The deeds, after describing the land granted, say: "as shown on the plat on the back of this deed. It is understood that the estate herein granted shall revert to the grantors, their heirs and assigns whenever the grantees or their assigns shall cease to use and occupy or control the same for railway, turnpike or other public highways, to have and to hold the same to the said grantees and their assigns forever, provided and

the above grant is on condition that if said trustees shall fail to locate said railway as above said," etc.

It thus appears that the land was conveyed for the construction of both the railway and the turnpike; and the plat showing their location was made a part of the deed. It serves to express the intentions of the parties as much as any condition embraced in the body of the deed, and as fully as if it had been expressed in words and written in it. It shows an additional consideration to that expressed in words in the body of the deeds, and one not inconsistent with it, and is as much a proof of the contract as would be a drawing of a building upon the back of a contract for its construction and which referred to it. Our conclusion is that, the plats being a part of the deeds, they embrace the alleged contract for the construction of the turnpike upon the sixty feet in width of ground obtained from the appellee east of and adjoining the one hundred feet obtained from the railway route; that the appellant accepted them upon the condition indorsed upon them and which was in fact a part of them by means of the plat; and that the demurrer was therefore properly overruled.

The appellee was permitted, over the objection of the appellant, to file an amended petition. It substantially alleges what is stated in the petition, but in addition thereto avers that the appellant deceitfully and fraudulently agreed to construct the turnpike east of the railway, and did so for the fraudulent and deceitful purpose of getting the deeds; that it has fraudulently refused to construct it, and has obtained the deeds by deceit and fraud. The relief asked is pay for the land conveyed by the deeds, and damages for the failure to construct the turnpike, all in the sum of $1,000.

It is contended that by this amendment the action was changed from one ex contractu to one ex delicto. The testimony had been taken when it was presented. It is said, however, that by the Civil Code, 1876, § 134, an amendment conforming the pleading to matters already proven is not permissible, if it changes the claim substantially. It did not, however, set out any new cause of action; nor did it change substantially the claim of the appellee, but merely stated the alleged manner of procuring the deeds; and the appellee's pleadings, when considered together, must be regarded as a proceeding merely for a violation of the contract with the appellant.

The testimony shows that the appellant did not in fact obtain the right to occupy and use the turnpike until 1875, the negotiation for it having been begun, however, in 1873. It is therefore urged that the parties to this controversy had no right in 1872 to contract as to a public way in which they had no interest, which was not then as to them in existence, and could not therefore be the subject of a contract between them; also that the public had an interest in or a vested right to the use of the turnpike as then located; that the proposed change would not afford the public as good a road, and that the contract was in violation of public policy. The legislature had, however, authorized the appellant to use or occupy the turnpike by either contracting with the owners to do so, or by its condemnation. The power had been granted by the legislature, acting for the public, to obtain it in one way or the other; and it does not matter whether the railway company at the time it contracted with the appellee had perfected the right or not. It certainly involved no violation of public policy to contract with the appellee to build a turnpike over his land in consideration of his granting to them a right of way, which took from him over twenty acres of his land, worth over $2,000.

The view already stated of the contract, and the pleadings of the appellee render it unnecessary to consider the defense of limitation, which is based upon the supposed ground that the action is for fraud and deceit, or the one relying upon the provision of the statute of frauds, which forbids the maintenance of an action upon a verbal contract for the sale of lands or one not to be performed within a year. The appellant can' not complain of the submission of the action at the same term at which the reply to the amended answer was filed. The action was brought on September 25, 1876. The answer was filed on December 1, 1877, and the reply to it in January following. The amended petition was filed at the May term, 1881, and the answer to it in June, 1881, and the reply to it in December, 1881. The amended answer was not filed until the May term, 1882. It was discretionary with the court whether it would permit it; and the pleadings of the appellant should have been completed more than ninety days before that term of the court. It being in default the submission of the cause under Civil Code, 1876, § 364, was not premature.

The conveyance by the appellee to his sons in 1881 and 1882 of

portions of his lands adjoining that conveyed to the appellant can not affect his right of recovery in this action. The deeds to them expressly reserved all right of action growing out of his contract with the appellant. It is true that they recited that the lands had been advanced by parol to his children in 1872; but when the deeds were made their claim and possession had not ripened into a title, but the land still belonged to the appellee.

The extent of the damage to him was passed upon by the lower court. It is a question of fact, and the conclusion reached below should not be disturbed unless clearly wrong. It is true that the deeds to the appellant provided that if the lands thereby conveyed ceased to be used for railway, turnpike or other public highway it should revert to the grantor. It is noticeable that this implied the building of the roads; and the provision can not be regarded as fixing the damages at simply the reversion of the land in the event the appellant failed to comply with the contract. It is unlike a case where parties agree upon a definite sum as the amount of damages which should be considered as accruing from the violation of their contract.

It is unnecessary to review all the testimony. The appellee says that one who was the general agent of the appellant to procure the right of way for the railroad through Grant county assured him before and when he executed the deeds that the turnpike should be constructed as shown by the survey and plat, and would be as good a road as the then existing one; that their general engineer did the same. The appellee is supported in this statement not only by other witnesses, but unerring circumstances. Thus after the deeds were made the appellant entered upon his land at the northern end and graded for the new turnpike for several hundred yards in accordance with the plat. Trouble then arose with other landowners, who, owing to the location of their lands, desired the turnpike left upon the west side of the railroad. The appellant by its chief engineer then applied to the appellee to consent to change the location of the proposed new turnpike as shown in the plat, but was refused. Yet the grading and construction of the new road was abandoned, and clearly because by leaving the turnpike upon the west side of the railway the appellant was enabled to get better terms from those who desired it to remain there.

The agent to procure the right of way and the engineer only

testify in substance that they do not recollect what occurred between them and the appellee. It is urged that they had no power to make any contract with the appellee binding the appellant for any consideration, or to comply with any condition; and the attorney for the appellant so says, and that he had the entire control of the matter. There is testimony, however, tending to show that at least the engineer reported directly to the appellant; and in any event they contracted for nothing which, as we have already seen, was not embraced by the written contract. Besides, the appellant accepted the deeds with the condition as shown by the plat, and recognized it by actually doing considerable work in conformity to it, which it subsequently abandoned.

Nearly all of the appellee's land lies upon the east side of the railway. As good a turnpike as the one existing when the deeds were made, if constructed upon the eastern side of the railroad, would unquestionably be of great advantage to his lands. It is true that the appellant has made a new pike, but as the testimony tends to show, an indifferent one, for about one and one-half miles through the land of the appellee upon the eastern side of the railway; but even this is in places upon the one hundred feet right of way of the railroad, and the metal of the road within from ten to fifteen feet of the iron rail.

It is unnecessary to review the rulings of the lower court upon the numerous exceptions to the testimony, but sufficient to say that no error was committed in this respect affecting the substantial rights of the appellant, which authorizes us to reverse its judgment, which is *affirmed.*

*C. B. Simrall, Collins & Finley, for appellant.*

*Alvin Duvall, J. J. Landram, for appellee.*