## Kreitz v. Gallenstein, et al.

(Decided May 5, 1916.)

### Appeal from Mason Circuit Court.

1. Contracts—Parol Evidence—Admissibility.—When a writing, upon its face, purports to contain the entire agreement between contracting parties, parol evidence is not admissible to contradict, vary, add to or take any terms from the contract, in the absence of a claim of fraud or mistake.

2. Contracts—Parol Evidence—Admissibility.—It is only when the writing does not purport to contain all the contract, or it is expressed in such short and incomplete terms, that parol evidence is necessary to make intelligible that which is per se unintelligible, that parol evidence is admissible as to the terms of the contract, in the absence of fraud or mistake, and such evidence must not then be contradictory of the terms set out in the writing.

STANLEY F. REED and CHARLES L. DALY for appellant.

THOMAS D. SLATTERY and SLATTERY & REES for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, George Kreitz, having purchased several crops of tobacco, entered into a contract, by which he sold his rights as such purchaser to the appellees, Frank Gallenstein, John Walton and Mike Brown, who composed a partnership under the name of Gallenstein, Brown and Walton. It was within the contemplation of the parties when the contract of sale was made that the growers of the crops of tobacco, and from whom appellant had purchased, would prepare the tobacco for market and would deliver it at the Maysville loose leaf market and a sale of it should be made by the appellees on the market at the time of delivery there, in the usual course of selling tobacco of that character.

The contract between appellant and appellees was reduced to writing and signed by appellant and delivered to the appellees. The writing set out a price per pound, which appellees were to pay appellant for each crop of tobacco, separately, and contained a stipulation that appellees were to pay to appellant two cents per pound in addition to the prices set out for each crop of the tobacco per pound. The writing further stipulated, that if appellees did not realize a "clear" profit of five cents per pound for certain of the crops of tobacco, which were designated in the writing, that appellant would pay to appellees what the sum received by them for the tobacco failed to make for them a "clear" profit of five cents per pound. It was, also, stipulated in the writing, that if appellees did not realize a "clear" profit of one cent upon the pound of a certain other designated crop of tobacco, that appellant would pay to them what the sum received by them for such crop failed of making for them a "clear" profit of one cent per pound.

The appellant claiming that appellees were indebted to him in the sum of $500.51, growing out of the transaction, filed his action against them in the Mason circuit court seeking its recovery. The writing purporting to contain the contract between appellant and appellees was filed with an amended petition. The appellant did not allege that the writing failed to embrace any part of the contract, or that any part of the contract had been left out of the writing, by mistake or through fraud of the appellees. It was, however, alleged that as a part of the contract of the sale of the tobacco, that it had been agreed that all the expense of selling the tobacco was to be assumed and paid by the appellees. By another amended petition, it was alleged that the contract was, that the "clear" profit mentioned in the writing was to be calculated on the basis of the price to be paid to the growers of the tobacco, and in arriving at it, the two cents per pound to be paid to appellant was not to be taken into consideration. This second amended petition was, by order of the court, stricken from the record, as we presume, because it was contradictory of the writing declared on, and contained nothing which would assist the appellant's cause of action, as plead in his petition and first amended petition. The appellant declined to plead further.

The appellees, by their answer, relied upon the writing as containing the entire contract, and plead that under its terms, and as the transaction between the parties to which the contract related, terminated, the appellant was indebted to them in the sum of $826.34, which they plead as a counterclaim. The answer set out the amounts which the appellees had received for the crops of tobacco, upon the sale of which the appellant had guaranteed them to receive a "clear" profit of five cents and one cent per pound, respectively, and the expenses which they were compelled to pay to the warehousemen for the expenses of the sales of the tobacco, and these averments were not denied.

The appellant offered parol evidence to explain as to the meaning of the terms of the contract, to which objection was made and the objection sustained. The court then heard the case upon the pleadings and the written memorial of the contract, and determined that the "clear" profit which appellant had guaranteed that appellees would receive for certain crops of tobacco was a net profit, that is, a profit above the prices paid by them to the growers of the tobacco, the two cents per pound paid to appellant, and the warehouse charges for the sale of the tobacco crops, which were embraced in the guarantee of appellant. This resulted in a judgment in favor of appellant for the sum of $22.01.

From the judgment appellant has appealed, and claims that the court was in error:

First. In excluding the parol evidence offered as to the terms of the contract.

Second. In holding that the warehouse charges and two cents per pound received by appellant should be considered in determining the amounts which appellees were entitled to recover on account of the profits guaranteed to them by the appellant.

The reason for reducing a contract to writing is to make its terms certain, and to preserve the memory of the terms in exact accordance with the agreement of the parties, and it is elementary that when parties have deliberately reduced their agreement to writing, and the writing purports on its face to contain the entire contract, its terms can not be varied, altered, added to or taken from by parol evidence, in the absence of a claim that either by mistake or through fraud something has been inserted in the writing, which was not a part of

the contract, or something omitted therefrom, which was a part of the contract. When such a writing has been executed by the parties, and it affords a reasonably clear understanding of what the parties agreed upon, its language alone can be consulted as to its meaning. It is conclusively presumed, in the absence of fraud or mistake, that the whole of the undertaking by the parties is contained in the writing, and it being the best evidence of what the contract is, it is the only evidence which can be received of what has been agreed upon, as long as the writing is in existence and can be produced. A mere allegation that a contract was made, a part of which was reduced to writing, does not make parol evidence of its contents admissible. This court, in the case of Castleman-Blakemore Co. v. Pickrell & Craig Co., 163 Ky. 750, citing the cases of Blackerby v. Continental Insurance Co., 83 Ky. 574, and Louisville Banking Co. v. Leonard, 90 Ky. 106, held that the rule that parol evidence was admissible as to the terms of a contract when the agreement was one and entire and only a part of it reduced to writing, the residue might be proven by parol evidence, in the absence of a plea of fraud or mistake, said:

"This rule, however, is not without qualification. It is restricted in its application to cases in which the writing only purports to express part of the contract, or is expressed in such short and incomplete terms as to render parol evidence necessary to explain what is *per se* unintelligible, and the proposed evidence is not inconsistent with the terms of the writing."

The writing, in the case at bar, on its face does not indicate that it is only a part of the contract. It seems to be a complete and entire agreement. Its terms are not ambiguous, and there is no difficulty in discovering from it the intentions of the parties. In the absence of a claim of fraud or mistake, parol evidence is inadmissible to contradict, vary or alter its terms, or to add to it something not contained in it. Wright v. Shelby Railroad Co., 16 B. M. 6; Castleman-Blakemore Co. v. Pickrell & Craig Co., 163 Ky. 755; Shell v. Asher, 31 R. 566; McKegney v. Wedekind & Co., 6 Bush 107; Greenleaf on Evidence, sec. 282; Blackerby v. Continental Insur. Co., 83 Ky. 574; Farmer v. Gregory & Stagg, 18 Ky. 475; Prussian National Insurance Co. v. Terrell, 142 Ky. 732; Provident Savings Life Assurance Society, etc. v.

Shearer, 151 Ky. 298; Sutton v. Ky. Lumber Co., 19 R. 1604; Stokes v. Warren, 5 Bush 341; Harmon v. Thompson, 119 Ky. 528; Sachett v. Maggard, 142 Ky. 500; Fairbanks, Morse & Co. v. Manning & Combs, 164 Ky. 478.

The construction placed upon the terms of the contract, as expressed in the writing, by the circuit court accords with our views of its meaning.

Hence the judgment is affirmed.