Hanover Fire Insurance Company v. Mrs. V. H. Coffman.

Northwestern Fire and Marine Insurance Company v. Same.

National Surety Fire Insurance Company v. Same.

(Decided February 25, 1927.)

Appeals from Webster Circuit Court.

1. Insurance—Immaterial Duplications or Misstatements in Proofs of Loss as to Articles Destroyed Held Not to Invalidate Fire Policy. —Immaterial duplications or misstatements as to certain articles destroyed in proofs of loss made out by insured, who was an elderly woman, purely from memory, held not to invalidate fire policy.

2. Insurance—Insured's Fraudulent Overvaluation of Property and Concealment of Other Insurance Held for Jury.—Whether insured fraudulently overinsured property, and concealed from insurer fact that she had other insurance held for jury.

3. Insurance—Whether Insured Fraudulently Overvalued Piano in Proofs of Loss Held for Jury.—Whether insured fraudulently overvalued a piano covered by policy in proofs of loss held for jury.

4. Insurance—Statements in Proofs of Loss Must be Intentionally False, and Disclose Purpose to Fraudulently Overvalue or Include Nonexistent Items, to Vitiate Policy.—To vitiate a fire insurance policy, statements under oath in proofs of loss must be intentionally false, and disclose a purpose to fraudulently overvalue, or contain a statement of items having no existence; a mere innocent mistake or exaggerated estimate of value being insufficient.

FRANK M. DRAKE and C. W. BENNETT for appellants.

BLACKWELL & LISMAN and RAYBURN & WITHERS for appellee.

Opinion of the Court by Turner, Commissioner— Affirming each judgment.

Prior to September, 1924, appellee operated a hotel at Providence, Webster county. The hotel was a two-story structure, had six rooms on each floor, and there were two in the basement.

In September, 1924, she took out with one of the appellants a policy of $1,000.00 on the contents of the building, in October of the same year she insured with another of appellants the same property for $1,000.00, and in November procured from the other appellant a third policy of $1,000.00 on the same property. By endorsement on each of the policies other insurance was permitted.

In May, 1925, during the life of each of the policies the insured property was totally destroyed by fire, and these three actions were instituted by her upon the policies. The defenses being the same the three causes were heard together in the trial court, and a verdict entered for $800.00 against each appellant, aggregating $2,400.00.

In the proofs of loss the aggregate value of the destroyed property was fixed by appellee at something more than $3,000.00, and the answers denied such value, or any other value in excess of $1,500.00. In a separate paragraph the answers allege that the several policies provide they shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning the insurance, and allege that the policies were each secured upon the representation of plaintiff that she was carrying and would continue during the term of the policy to carry no more insurance than the $1,000.00, and then they allege she was at the time of the fire carrying two other policies of $1,000.00 each, and that the existence of such two other policies was intentionally concealed from each defendant with the purpose of misleading it; and, that by the carrying of such insurance in excess of the property value, and by concealing such overinsurance plaintiff committed a fraud upon each of the defendants, which was material to the risk, and perpetrated by the plaintiff for the purpose of attempting to recover insurance on said property in excess of the loss thereon.

In another paragraph it is alleged that the policies provide they shall each be void in case of fraud or false swearing by insured touching any matter relative to the

insurance or the subject thereof, whether before or after the loss; and they then allege that among the items insured by the policies was a piano bought in September, 1924, for $550.00, and at the time of the fire was of no greater value than $500.00, and that in the proofs of loss submitted and sworn to by plaintiff said piano was fixed at the value of $650.75, with the intention by plaintiff to collect the full amount of her said policies by such overvaluation which was made for the purpose of practicing a fraud upon the companies.

These things were all put in issue, and the trial resulted as stated.

The contention that the evidence as a whole disclosed the fraud of the insured and her purpose to overinsure her property is based upon the assumption that she was overinsured when the evidence upon that question is conflicting, and further upon some slight discrepancies in the proofs of loss as to certain articles destroyed which show in one or more instances some duplication, and further upon the fact that for a piano for which she only paid $550.00 she claimed insurance for $650.00. In the first place, the proofs of loss were made out by appellee, evidently an elderly woman, purely from memory; and it does not seem unusual that in enumerating the various household articles contained in a house of twelve rooms that there should have been some immaterial duplications or misstatements. The fact that she valued the piano at $650.00 instead of $550.00 is no more remarkable than that she likewise in those proofs valued a handsome bed at $1.00 when the evidence shows it was worth $100.00.

There is no complaint of the instructions given, and as the issue of fraud was clearly and accurately submitted to the jury, and there was sufficient evidence to uphold the verdict, it necessarily follows that the directed verdict was properly refused. Each of the policies on its face authorized additional insurance, and this fact alone, apart from the other evidence, seems to at least tend to controvert the earnest contention of appellants that appellee defrauded them by concealing from them her purpose to do a thing which the written contracts authorized her to do.

But it is said for the Hanover Fire Insurance Company that appellee's own admissions entitled it to a directed verdict. That contention grows out of the fact that the agent of that company some time after the policy

was issued, acting under instructions from an inspector of that company, re-examined the insured property and expressed the view to appellee, which she admitted, that the amount of the insurance should be reduced; but as a matter of fact it was not reduced and remained in effect for some months thereafter when the fire occurred. That agent claims that upon the occasion in question appellee told him she had no other insurance than the $1,000.00 in his company, but this she vigorously denies, and that issue, along with the other issues of fraud, was passed upon by the jury.

But it is said that the overvaluation of the piano in the proofs of loss was fraudulent on its face, and authorized a directed verdict for defendants.

The plaintiff denied that she had intentionally overestimated the value of the piano, and in the light of her manifest mistake in underestimating the value of her bed, it is easily conceivable that she was merely mistaken in each instance, and the jury under the whole evidence had a right to so find.

Before a false statement under oath in proofs of loss will vitiate a policy of insurance, such statements must be intentionally false, and disclose a purpose to fraudulently overvalue, or contain a statement of items having no existence. A mere innocent mistake, or an exaggerated estimate of value will be insufficient for that purpose. Western Assurance Company v. Ray, 105 Ky. 523; Connecticut Fire Insurance Company v. Union Mercantile, 161 Ky. 718.

This question of fraudulent overvaluation in the proofs of loss was, like the other charges of fraud, clearly and accurately submitted to the jury.

The evidence is conflicting, but is ample to sustain the verdicts, and the judgment on each appeal is affirmed.