# World Fire & Marine Ins. Co. v. Rivard et al.

(Decided Oct. 23, 1934.)

F. M. DRAKE and ULIE J. HOWARD for appellant.

J. RICHARD UDRY and JOHN L. CUSHING for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On December 10, 1930, the appellee E. R. Rivard took out $18,000 fire insurance on his house and the contents of the house, which insurance consisted of four separate policies, viz., one policy in the World Fire & Marine Insurance Company for $6,000 on the house and another with the same company for $3,000 on the contents of the house, and one policy in the Hudson Insurance Company for $6,000 on the house and one for $3,000 on the contents of the house. One week thereafter, on December 17, 1930, the house and its contents were burned, resulting in a total loss.

Rivard prepared a list of his household goods and the values thereof, which he presented to the insurance companies, but the insurance companies questioned the value of the personal property and perhaps the origin of the fire. Unavailing negotiations were had between Rivard and the insurance companies for some time, and in February, 1931, Rivard placed his claims in the hands of J. R. Weiss, an insurance adjuster. The insurance companies still refused to pay the face of the policies, and insisted that Rivard make a reduction, and continued to question the value of the personal property and the origin of the fire. After considerable lapse of time and negotiations, Rivard's adjuster, Weiss, proposed to the insurance companies that they settle the $18,000 claim for $15,000, which proposition was accepted by the insurance companies. It appears that at the time this tentative oral agreement of compromise settlement was made there was nothing said as to how the $18,000 was to be divided or applied as between the personal property and the real estate. It appeared that it was to be a lump sum settlement of the entire claim.

Rivard had mortgaged the real estate to certain banks, and the insurance on real estate was covered by these mortgages, and the mortgagees would get the full benefit of the entire insurance on the real estate. But there was no mortgage on the personal property, and Rivard would receive or be benefited to the full extent of the insurance on it. Before the settlement was finally consummated, it was suggested by Rivard's adjuster, Weiss, that the proof of the claims and the vouchers issued therefor be so made out as to show that the $3,000 reduction was on the real estate and each company pay the face value of its policy on the personal property.

The insurance companies acceded to the suggestion that the $3,000 reduction be made on the real estate, and the proof of claims was made out showing that the insurance companies were paying $4,500 each for the real estate instead of $6,000 each (the face of their respective policies), and paying $3,000 each for the personal property. The mortgagees agreed to accept the $9,000 so paid on the real estate, and the settlement was consummated on that basis. This was treated by the parties as a final settlement of the entire claim of $18,000, and nothing more was said until February, 1933, when Rivard filed these suits in the Kenton circuit court against the insurance companies seeking to recover of each of them the sum of $1,500 respectively representing the reduction made on their respective policies on the real estate.

The petitions alleged the issuance of the policies of $6,000 each on the real estate and the destruction of the property by the fire, and that the insurance companies had paid the sum of $4,500 each on their respective policies, and had failed and refused to pay the remainder, $1,500 respectively, and prayed judgment for that sum against each company.

The actions are based on section 762a-22, Kentucky Statutes, which provides that insurance companies taking fire or storm risks on real property in this commonwealth shall, on all policies issued, be liable for the full estimated value of the property insured as the value thereof is fixed in the face of the policy. By these actions Rivard seeks to recover the balance of the face of his policies on the real estate by virtue of the statute, supra, notwithstanding the compromise settlement.

The insurance companies filed their answers admitting the insurance set out in the petition and the destruction of the property by the fire resulting in a total loss of all the property insured except the foundation of the house. They further pleaded that, after long negotiations with Rivard looking to a settlement of the claim, the parties finally agreed upon a compromise of all questions involved in the claims, and, in order to avoid litigation, they agreed upon the settlement of the entire liability under all of the policies for the sum of $7,500 for each company, and at the request of Rivard, in making settlement of the compromise under the policies of each company, the face of the policy, or $3,000, was paid upon the personal property, and the

sum of $4,500 was paid upon the building, and that this apportionment of the compromise sum so paid was suggested by Rivard for the purpose of having only the sum of $4,500 available to the mortgagees who held liens upon the building and the insurance thereon, and this apportionment was made for the convenience and benefit of Rivard and at his request, after the lump sum compromise of $7,500 for each company was agreed upon in payment of the entire claim of $18,000. They also pleaded that there was a controversy between Rivard and the companies respecting the value of the personal property and the origin of the fire, and the compromise sums paid were in settlement of the controversy, and therefore constituted a consideration for the reduction of $3,000, from the face value of the policies. They further alleged that Rivard had not paid or tendered back to the companies the sum paid or any part thereof, and this was further reason that he was not entitled to maintain these actions; and also pleaded depreciation of the property and that the settlement was made before the insurance was actually due under the terms of the policy.

By subsequent pleading, the issues were made, and by agreement of parties the actions were consolidated and tried together by the court without the intervention of a jury. The evidence was taken, and the court rendered judgment in favor of Rivard as prayed for. The companies appeal.

Under the statute, supra, as construed in Horn v. Atlas Assur. Soc., 241 Ky. 228, 43 S. W. (2d) 675; Detroit Fire & Marine Ins. Co. v. Crayne, 252 Ky. 272, 66 S. W. (2d) 819, a compromise settlement of a fire insurance policy on real estate for less than the value fixed in the face of the policy is not binding upon the assured unless supported by a consideration. The question to be determined in this case is whether or not there was a consieration in support of the compromise settlement of the insurance policies covering the real estate. It is argued for the insurance companies that there was a sufficient consideration to support the compromise settlement. The alleged consideration is that there was a bona fide controversy or dispute between the parties respecting the value of the personal property and origin of the fire. But the record does not disclose any serious dispute or controversy respecting the origin of the fire. It may be true, however, that

there was something said about the origin of the fire, but this question was not developed sufficiently to constitute a real controversy sufficient to support a settlement for a sum less than the value fixed in the policies on the real estate. The only real controversy or dispute of any note was the value of the personal property. It appears that, at the time the first agreement of compromise was reached between the parties, there was nothing said as to how the sum agreed upon was to be applied as between the two classes of property. The agreement was that the whole claim be settled for the sum of $15,000, but this agreement was not carried out between the parties. Later it was proposed by Rivard or his adjuster, Weiss, that they settle on a basis of $6,000, face value of the policies on the personal property, and make a reduction of $3,000 from the face of the policies covering the real estate. This arrangement was consented to by the insurance companies, and the proofs of claim and vouchers therefor were accordingly made out and signed by the parties.

It is a well-settled rule that, when an oral agreement or transaction between parties is reduced to writing, all previous oral agreements merge in the writing and cannot be contradicted by parol evidence, in the absence of a claim of fraud or mistake. Kreitz v. Gallenstein, 170 Ky. 16, 185 S. W. 132.

This rule, however, is not without qualification. It is restricted in its application to cases in which the writing only purports to express part of the contract or is expressed in such short and incomplete terms as to render parol evidence necessary to explain what is per se unintelligible, and the proposed evidence is not inconsistent with the writing. Kreitz v. Gallenstein, supra.

In the case at bar, there is no claim of fraud or mistake. It is only insisted that the oral agreement should control. This would be contradictory to the agreement which was evidenced by the writings of the parties.

Rivard's adjuster, Weiss, did not testify, and we do not have his version of the transaction. H. R. Jones, representative of the insurance companies, stated in his testimony that, after the $15,000 settlement was agreed on, Rivard's adjuster made a definite request that the $3,000 reduction be taken from the amount of the insurance on the building, and he, as representative of the

insurance companies, agreed to this arrangement. He was asked and answered as follows:

> "Q. Did he (Weiss) give any reason for that? Was there any reasons developed in your discussion with him? A. I believe not."

There is no positive evidence to the effect that Rivard or his adjuster requested the reduction to be made on the building and the face of the policies paid in full on the personal property because of the mortgage on the building. However, the circumstances strongly warrant that inference. But, be that as it may, the reduction was made on the real estate as shown by the proof of claims, and this was the real settlement between the parties. Had there been nothing more said or done after the original agreement of settlement and the record had shown that the $18,000 claim was settled for $15,000 without regard to the various classes of property or the amounts paid for each class, a different case might have been presented.

It is insisted for the insurance companies that there was a question between the parties relating to the depreciation of the property since it was insured, and this was further consideration to support the compromise settlement. The property was burned one week after it was insured. There could not have been any appreciable depreciation in that short period of time, and such depreciation, if any, could not have constituted such controvery or dispute as would furnish a consideration for the settlement.

It is further argued that under the terms of the policy payment was not due until 60 days after settlement was agreed on, and that the sum agreed on was paid within less than 60 days, and such payment before maturity was a consideration for the settlement. It must be conceded that ordinarily payment before due constitutes a consideration, but it must appear that such premature payment was the actual inducement to the settlement. In the case at bar, it is obvious that the real consideration or inducement prompting the settlement was the $3,000 reduction as agreed on by the parties, and the early payment of same was merely an incident to the real consideration.

It is further argued that Rivard did not repay or tender the sum paid as a compromise settlement, and therefore he is not entitled to maintain these actions.

But this rule does not apply to cases under the valued policy claim by virtue of the Statutes, supra. If a reduction had been made on the personal property which constituted the real dispute or controversy between the parties, then the rule might have been applicable. But, there being no bona fide dispute as to the value of the real estate, the rule is not applicable. Detroit Fire & Marine Ins. Co. v. Crayne; Horn v. Atlas Assur. Soc., supra.

Finding no error prejudicial to the substantial rights of appellant, the judgments are affirmed.

The whole court sitting.