The HOME INSURANCE COMPANY,
Appellant,

v.

Randall HARDIN, Administrator of the
Estate of Will Hardin,
Deceased, Appellee.

Court of Appeals of Kentucky.

June 20, 1975.

Wesley P. Adams, Jr., Ogden, Robertson & Marshall, Louisville, for appellant.

John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellee.

STEPHENSON, Justice.

The sole question on this appeal is whether a fraudulent attempt to obtain the face amount of an insurance policy on non-existent household furnishings and contents invalidates the policy as to the dwelling. We are of the opinion that it does.

The appellant issued a standard fire insurance policy to Will Hardin insuring a dwelling for the sum of $5,000. In the same policy, appellant insured the household furnishings and contents for the sum of $3,000. After the dwelling was destroyed by fire, Will Hardin made a claim on the policy by sworn proof of loss listing numerous household furnishings exceeding in value the face amount of the policy. The first statement taken by the appellant's adjuster contained a list of household furnishings lost in the dwelling consisting of some eight or nine items and miscellaneous items not valued. When informed that the claim could not be considered until a detailed list was submitted, Hardin employed an attorney and submitted a sworn proof of loss. This document contained a list of over one hundred items with a value totalling $3,050. Later a proof of loss on forms furnished by appellant was forwarded to appellant, sworn to by Hardin and with the same list of household goods attached as was furnished and sworn to previously. It is not disputed that shortly before the fire, Hardin purchased another home and moved the household contents to the newly purchased home and that the dwelling destroyed by fire contained very few items of household furnishings of no significant value. Subsequently Hardin died, and his administrator, the appellee here, notified the appellant that he had abandoned his claim to the loss of household furnishings and contents in the dwelling. The appellant denied the entire claim, and the appellee filed suit in the Nelson Circuit Court seeking to recover on the policy for the stated value of the dwelling. The appellant by counterclaim sought recovery of $641.70 for payment of the balance due on a mortgage on this property.

The trial court overruled appellant's motion for summary judgment and sustained appellee's motion for summary judgment. We reverse.

The policy of insurance contains the following provision:

"Concealment, fraud. This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance, concerning this in-

surance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

██ We do not find any cases in this jurisdiction directly in point. Our attention is directed to World Fire & Marine Ins. Co. v. Tapp, 279 Ky. 423, 130 S.W.2d 848 (1939). There the insurance policy provided as does the appellant's policy as to concealment and fraud. This court in construing the provision recited the general rule at page 849 as follows:

"The provision is common to most fire insurance policies and is uniformly held valid so that it will defeat a recovery under the contract if false statements in proof of loss were intentionally made and disclose a purpose to fraudulently overvalue the property or include non-existent items."

Hanover Fire Ins. Co. v. Coffman, 218 Ky. 568, 291 S.W. 725 (1927), is cited, which states at page 726:

"Before a false statement under oath in proof of loss will vitiate a policy of insurance, such statements must be intentionally false, and disclose a purpose to fraudulently overvalue, or contain a statement of items having no existence."

Both of these cases were defended on the grounds of fraud and misrepresentation in the proof of loss with respect to quantity and value. We conclude that the provisions of the insurance policy as to concealment and fraud are applicable here and that a sworn proof of loss which includes numerous nonexistent items voids the entire policy as a matter of law.

The appellee argues that his claim for recovery for total loss on the dwelling is controlled by KRS 304.905, which provides as follows:

" * * * Except as provided in KRS 304.906, insurers that take fire or storm risks on real property in this state shall, in case of total loss thereof by fire or storm, be liable for the full estimated value of the property insured, as the value thereof is fixed on the face of the policy, except that the estimated value of the property insured may be diminished to the extent of any depreciation in the value of the property occurring between the date of the policy and the loss. In case of partial loss of the property insured, the liability of the insurer shall not exceed the actual loss of the party insured. The insured shall be liable for any fraud he may practice in fixing the value of the property, if the insurer is misled thereby."[1]

Appellee argues that this statute controls the controversy and that alleged fraud concerning the personal property does not affect the recovery on the dwelling. He further argues that the appellant knew that very few items of personalty were lost in the fire and that the appellant was not deceived or misled by the sworn proof of loss.

██ We construe KRS 304.905 as applying only to recovery of the stated value of the realty described in the insurance policy. It has no application to personalty; nor does it abrogate the provision against "Concealment, fraud" in the insurance policy issued here.

██ The statute fixes the liability of the insurer for the value of the real property as stated on the face of the policy. World Fire & Marine Ins. Co. v. Rivard, 256 Ky. 457, 76 S.W.2d 264 (1934). The provision as to fraud goes to overvaluation of the real property if the insurer is misled. Here again this provision of the statute is applicable only to the realty and not to personalty.

██ We see little distinction between fraud in overvaluing personalty lost in a fire and fraud in claiming numerous nonexistent items. Hanover Fire Ins. Co. v.

---

1. KRS 304.905 was later repealed by the 1970 General Assembly.

Coffman, supra, and World Fire & Marine Ins. Co. v. Rivard, supra. If there is a distinction, it would go to the manner of proving fraudulent intent in overvaluation. We are of the opinion that claiming numerous nonexisting items in a sworn proof of loss is fraud as a matter of law and, in accordance with the terms of the policy, defeats recovery on the entire policy. The fact that the insurer may have known that only a few items were destroyed in the fire cannot be taken advantage of by the individual who perpetrates the fraudulent act.

The judgment is reversed with direction to enter a judgment for the appellant.

All concur.