Hillsborough,
Jan. 5, 1915.

### Sarah Follett *v.* Standard Fire Insurance Co.

Where a fire insurance policy contains a provision that it shall be void if the insured shall make any attempt to defraud the insurer, either before or after a loss, it is not essential to a forfeiture that a fraud be consummated.

In such a provision, the word "attempt" means an endeavor carried beyond mere preparation, but falling short of execution, and includes intentional overvaluation of the insured property in a sworn statement of loss and false testimony in support thereof by the insured.

An insurer cannot avoid a policy on the ground of attempted fraud by proof that the insured was guilty of negligence in ascertaining the truth of the affirmations contained in his sworn statement of loss, but is required to show that the declarant acted dishonestly and knew, or believed, or suspected the representation to be false.

The statutory provision that an insurance policy shall not be avoided by reason of any mistake or misrepresentation (P. S., *c.* 170, *s.* 2) relates to affirmations which were an inducement to the contract, and not to false and fraudulent statements made after the occurrence of a loss.

Although the requirement of sworn proof of loss in the standard form of fire policy is invalid, such a statement made by the insured and containing a fraudulent representation as to value is a material affirmation which may warrant the avoidance of the contract on the ground of attempted fraud.

Assumpsit, upon a fire insurance policy. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1914, of the superior court by *Kivel*, J. The contract of insurance provides that "this policy shall be void . . . if the insured shall make any attempt to defraud the company either before or after the loss." The defence was based upon alleged attempts to defraud after the loss occurred.

Subject to the defendant's exception, the jury were instructed as follows: "It is for you to say whether there was a fraudulent overvaluation under oath of the property that was destroyed; and if you find there was such overvaluation, whether it could or could not have been honestly made if any attention had been given to the subject. Did the plaintiff have any reasonable grounds for belief in its truth? Did the plaintiff state as true in her belief that which she did not know to be true, with intent to mislead and deceive the defendants as to the value of the property destroyed? If she did, such representation is fraudulent. If such statement was designed by her for the defendants to act upon as true and they acted upon it,

then she committed a fraud upon the defendants and she cannot recover in this action."

The defendant also excepted to a refusal to give the following instruction: "Notwithstanding the sworn statement of loss is not necessary to the maintenance of this suit, nevertheless her testimony on the stand in substantiation of the proof that she did make is material; and if you find that by her testimony she has attempted to secure the payment of the face of the policy by keeping the values up beyond what she knew or had reason to believe was the actual value of the goods destroyed, even though such value was as much as the face of the policy, that is such a fraud as would vitiate the policy, and the defendant is entitled to your verdict."

*Thorp & Abbott (Mr. Abbott* orally), for the plaintiff.

*Taggart, Burroughs, Wyman & McLane (Mr. Wyman* orally), for the defendant.

PEASLEE, J. In their contract for insurance the parties agreed that any attempt on the part of the insured to defraud the insurer, either before or after the loss, should defeat the policy. There was evidence of overvaluation in a sworn proof of loss, and that the plaintiff again swore falsely upon the same subject when testifying before the jury. The exceptions raise the question of how the jury should be instructed upon these matters.

The parties agreed that an attempt to defraud should work a forfeiture of the plaintiff's rights under her policy. This being so, it was not essential that the fraud be consummated before the agreement would apply. The word "attempt" appears to be used in its ordinary sense and means "an endeavor to do an act carried beyond mere preparation, but falling short of execution." *People* v. *Moran*, 123 N. Y. 254. The term is one well understood both in law and by people in general, and its meaning when used in this contract is not doubtful. False swearing to a statement of loss furnished to the insurer was plainly an attempt to defraud. It was an act done in part execution of what, if carried to a successful issue, would be a completed fraud. From this it follows that it was error to instruct the jury that the provision of the policy did not apply unless the defendant acted upon the false statement. This instruction described a completed fraud and took from the jury the opportunity to consider a mere attempt to defraud.

Objection is also made to the instruction relating to the plaintiff's state of mind when making the representation complained of. The law upon this question is well settled in this jurisdiction. Mere negligence in ascertaining the truth of the affirmation is not enough. A "dishonest state of mind" must be shown. *Shackett* v. *Bickford*, 74 N. H. 57. The idea that gross negligence can take the place of the dishonest state of mind as an element in an action for fraud is not now the law here. *Conway Bank* v. *Pease*, 76 N. H. 319, 323, 331. In so far as *Leach* v. *Insurance Co.*, 58 N. H. 245, holds differently, it has in effect been overruled by the cases cited above. What may constitute a dishonest state of mind is fully considered in *Shackett* v. *Bickford, supra.* The affirmation must be "known, or believed, or suspected" to be false. *Mahurin* v. *Harding*, 28 N. H. 128, 129.

The instruction that false swearing at the trial would be an attempt to defraud within the meaning of the policy should have been given, with the modification before indicated as to what constitutes a fraudulent intent. No reason is perceived why a fraud might not be perpetrated in this way as well as in any of the preliminary steps taken before the cause came to a trial. In the language of the contract, it would be an "attempt to defraud the company . . . after the loss."

The plaintiff relies upon the statute (P. S., *c.* 170, *s.* 2; Laws 1885, *c.* 73) as an answer to the defendant's claim that an attempt to defraud is a defence to a suit upon a contract of fire insurance. The statute is not entirely explicit, but apparently was intended to relate to misrepresentation as an inducement to making the contract. It does not, directly at least, refer to the conduct of the parties after a loss has occurred. If, however, it could be held to apply to such a situation it would not aid the plaintiff, for it in terms excepts from its provisions representations "intentionally and fraudulently made." As before pointed out, it is only such representations which are now the basis for an action for deceit in this jurisdiction. If the statute might have been held to limit the rule laid down in *Leach* v. *Insurance Co.*, 58 N. H. 245, that negligence might be treated as an equivalent for intent in making a representation, its importance in that respect ceased when the rule of the Leach case was denied by *Shackett* v. *Bickford*, 74 N. H. 57.

It is further urged that the statements in the proof of loss were not material, because the provision in the policy calling for a sworn proof of loss is in conflict with the statute and therefore invalid.

*Levi* v. *Insurance Co.*, 75 N. H. 551, 553. But the question here is not whether the plaintiff was bound to make a sworn statement, or whether the defendant could demand one. The plaintiff saw fit to make such a statement to the defendant after the fire. It would manifestly be likely to influence the defendant's subsequent conduct with reference to paying the loss. In this sense it was a material statement of fact and might be the basis of an action for deceit, even though it was also true that a contract to make a true statement on the same subject was invalid under the statute.

*Exceptions sustained.*

All concurred.