## COLUMBIAN INS. CO. OF INDIANA v. MODERN LAUNDRY, Inc.

(Circuit Court of Appeals, Eighth Circuit. December 21, 1921.)

No. 5838.

1. **Insurance ☞553(1)—False statement of loss held "attempt" to defraud insurer under fire policy.**

Where a fire policy provided that it should be void "if the insured has made any attempt to defraud the company, either before or after the loss," service by insured of a verified false statement and excessive overvaluation of loss after a fire constituted an attempt to defraud, notwithstanding the insurer had knowledge of the actual amount of the loss and

---

that no actual fraud was consummated; an "attempt" being an endeavor to do an act, carried beyond mere preparation, but short of execution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Attempt.]

**2. Insurance ⊜⇒553(1)—Intent to deceive insurer implied by willful false statement in proof of loss.**

Where insured knowingly and willfully makes a false statement as to a material fact in its proof of loss, or in its testimony regarding the value of the property insured, or the loss thereto by fire, the intention to deceive insurer is necessarily implied as the natural consequence of such act, under a policy void if the insured attempts to defraud the insurer.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by the Modern Laundry, Incorporated, against the Columbian Insurance Company of Indiana. Judgment for plaintiff, and defendant brings error. Reversed and remanded, wih directions to grant a new trial.

Nathan H. Chase, of Minneapolis, Minn., for plaintiff in error.

Le Roy Bowen, of Minneapolis, Minn. (M. H. Boutelle and A. H. David, both of Minneapolis, Minn., on the brief), for defendant in error.

Before SANBORN and STONE, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. The plaintiff in error questions the correctness of a portion of the charge of the court to the jury in a trial of an action by the plaintiff, Modern Laundry, Incorporated, against the Columbian Insurance Company of Indiana, a corporation, to recover $10,000 on a policy of insurance against fire for that amount issued to the plaintiff by the defendant on December 16, 1919. The property insured consisted of motors, belts, pulleys, and shafting, tables, chairs, typewriters, stationery, books of account, soaps, cleaning compounds, tools, and implements, and other articles customarily used in the conduct of a laundry. On January 29, 1920, a fire occurred, which destroyed a part and injured other parts of the articles insured. On March 23, 1920, the president and secretary of the laundry company made oath to the correctness and truth of schedules of the value of the articles insured, and of the loss and damage on account of the fire thereto, and served these schedules and their affidavit to the correctness thereof upon the insurance company as a preliminary proof of loss. This verified notice of loss stated the value of the articles insured at the time of the fire to have been $20,131.20, and the damage and loss by the fire thereto to have been $12,100. Upon this verified notice the plaintiff demanded the payment by the insurance company of $10,000. The company refused to pay this amount. Thereupon the laundry company sued upon the policy; the insurance company in its answer denied that the property insured was of any such value as that stated in the verified statement of loss, denied that there had been any such loss or damage thereto caused by the fire as was stated

therein, alleged that the policy of insurance provided that it should be void if the insured should make any attempt to defraud the insurer either before or after the loss, and that the laundry company, after the fire, had made such an attempt, in that it had knowingly and willfully greatly overvalued the property insured, and the amount of the loss and damage in its sworn notice of loss. These issues were tried to a jury, which found the loss to the laundry company, plus the interest on the amount of that loss from June 3, 1920, to December 6, 1920, to have been $7,210, while the laundry company's verified notice made that loss $12,100.

There was substantial evidence at the trial that the defendant in error, in its verified notice of the value of the insured property and of the loss and damage, knowingly and willfully greatly overvalued that property, and greatly overstated the damage and loss thereto from the fire, although there was also evidence to the contrary. Evidence was introduced at the trial that before the verified statement was made the insurance company had sent men to the scene of the fire from time to time, and that they had been through a portion, but not all, of the laundry building, and that the adjuster of the insurance company had been through the entire building and had examined every piece of machinery.

In this state of the proof the court charged the jury that if they believed from the evidence that the laundry company, by its officers in the verified statement of loss, knowingly and intentionally made oath to substantial overvaluations of the insured property, or to substantial overstatements of the amount of the loss or damage by the fire, with intent to deceive the insurance company, that would constitute an attempt to defraud the company, and they should return a verdict for the defendant, unless they further found from the evidence that, before the verified notice was served on the insurance company, the latter had investigated and learned the actual value of and the real loss and damage to the insured property, or had had full opportunity so to do, so that the verified statement could not deceive it, but that in case they should find that, before the verified notice was delivered to the insurer, it had investigated and learned the true value of the property and the actual amount of the loss and damage to it from the fire, or had had full opportunity so to do, so that the verified notice could not deceive it, the facts that the laundry company, in that notice had, by its officers, with intent to deceive and defraud the insurance company, knowingly and willfully falsely sworn that substantial overvaluations of the property were the actual values thereof, and that greatly excessive statements of the loss and damage to the property from the fire were the actual loss and damage, did not constitute an attempt to defraud or any defense to this action under the contract in the policy that "the policy shall be void if the insured has made any attempt to defraud the company either before or after the loss."

To this charge the insurance company excepted, and it insists that it was erroneous, because the service of the verified intentionally false statement of overvaluation and of the excessive amount of the loss

and damage as clearly constituted, under the terms of this contract just quoted, an attempt to defraud, if it did not and could not deceive the insurance company, as if it could have done so and had done so, and that it as clearly constituted an attempt to defraud if that attempt failed to defraud, as it would have done if it had succeeded.

Counsel for the assured met this contention with this argument: Proof of the avoidance of an insurance policy, under a contract therein that it shall be void if the insured attempts to defraud the insurance company, consists of the same indispensable elements as does proof of the avoidance of a policy under a contract that it shall be void if the insured is guilty of fraud or false swearing in his proof of loss or other evidence relating to the value of the insured property, or the loss of or damage thereto by the fire; proof of the deceit of the insurer and substantial injury to it by the fraud or false swearing is indispensable to an avoidance of the policy, under the contract that it shall be void for such fraud or false swearing, and the impossibility of such deceit is fatal to the attempt to avoid such a policy for fraud and false swearing; therefore the impossibility of the deceit of the insurer in this case by the knowingly and intentionally false overvaluations of the insured property, and the knowingly false statements of greatly excessive loss and damage by the fire, was fatal to the defense that this policy was avoided in this case by·the laundry company's attempt to defraud the insurer.

To sustain this argument and its conclusions counsel for the assured have cited some authorities which fairly support them: Shaw v. Scottish Commercial Insurance Co. (C. C.) 1 Fed. 761, 763; Rohrbach v. Ætna Ins. Co., 62 N. Y. 613; Farmers' Mutual Fire Ins. Co. v. Gargett et al., 42 Mich. 289, 3 N. W. 954; German Ins. Co. v. Luckett, 12 Tex. Civ. App. 139, 34 S. W. 173—although the three cases last cited rest on the fact that the agent of the insurer knew the facts misrepresented when he took the policy. They have also cited many authorities which do not directly rule the questions of law here presented, but which they claim tend to sustain their argument. On the other hand, counsel for the insurer have cited authorities which directly sustain a conclusion diametrically opposite to that which counsel for the assured deduce from their argument, and other authorities which do not directly rule the questions here under consideration, but which they claim tend to sustain the position they take. The authorities thus cited are too numerous to review in detail. The opinions of the courts to which counsel have referred and the briefs of counsel have been read, and these and the arguments at the hearing have received deliberate consideration, with the result that the more persuasive reasons and the weight of authority in the opinion of the court sustain, and it has reached, these conclusions:

[1] The provision of the policy "that the policy shall be void if the insured has made any attempt to defraud the company, either before or after the loss" was a plain, unambiguous contract, binding upon each of the parties to it. That agreement was not that if the insured, before or after the loss, made any attempt to defraud the company, except in instances in which such an attempt could not and did not

deceive the insurer, and except in instances in which such attempt was unsuccessful, the policy should be void. No such exception is expressed or indicated by the clear and comprehensive terms of the agreement, or by the situation or circumstances of the parties when they made it. In such a state of the facts courts may not lawfully conceive and ingraft upon the contract such exceptions. The fact that the parties did not set them out in their written contract is conclusive that their minds never met upon them and they never intended to make them.

Proof of the avoidance of a policy, under a contract that it shall be void if the insured attempts to defraud the insurer, does not consist of the same indispensable elements as does proof of its avoidance under a contract that the policy shall be void if the insured is guilty of fraud or false swearing in its proof of loss or other testimony as to the value of or damage or loss to the insured property.

Neither the deceit of the insurer nor the possibility of such deceit by the attempt to defraud is indispensable to plenary proof of avoidance of a policy by such an attempt under the contract here under consideration. An attempt is "an endeavor to do an act carried beyond mere preparation, but * * * short of execution." People v. Moran, 123 N. Y. 254, 25 N. E. 412, 10 L. R. A. 109, 20 Am. St. Rep. 732. And an attempt to defraud is not necessarily a fraud. The attempt may fail, and then the fraud is not perpetrated; it never exists, and the real object and purpose of the contract here under consideration was to protect the insurer against such futile attempts. Deceit and injury to the person deceived thereby are in some cases indispensable to proof of actionable fraud, but neither of them is indispensable to proof of an attempt to defraud. Claflin v. Commonwealth Ins. Co., 110 U. S. 81, 83, 84, 3 Sup. Ct. 507, 28 L. Ed. 76; Follett v. Standard Fire Ins. Co., 77 N. H. 457, 92 Atl. 956, 957; Sleeper v. New Hampshire Ins. Co., 56 N. H. 401, 407, 408; Dolloff v. Phœnix Ins. Co., 82 Me. 267, 19 Atl. 396, 17 Am. St. Rep. 482; Oskosh Packing & Prov. Co. v. Mercantile Ins. Co. of Mobile (C. C.) 31 Fed. 200, 206; Virginia Fire & Marine Ins. Co. v. Vaughan, 88 Va. 832, 14 S. E. 754; Vaughan & Co. v. Virginia Fire & Marine Ins. Co., 102 Va. 541, 46 S. E. 692.

In Claflin v. Commonwealth Ins. Co., just cited, the contract was:

"All fraud or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claims on this company under this policy."

The insurance company, pursuant to a provision of the policy, required the insured to submit to an examination under oath. In that examination he testified falsely as to the manner in which he paid his vendor for the insured property which he purchased. He did this without any intention to deceive or defraud the insurance company, for the purpose of making his testimony consistent with a statement he had made to R. G. Dun & Co. in order to enable him to obtain credit. The Supreme Court, in delivering the opinion in the case, said, among other things:

"A false answer as to any matter of fact material to the inquiry, knowingly and willfully made, with intent to deceive the insurer, would be fraudulent.

If it accomplished its result, it would be a fraud effected; if it failed, it would be a fraud attempted. * * * No one can be permitted to say, in respect to his own statements upon a material matter, that he did not expect to be believed; and if they are knowingly false, and willfully made, the fact that they are material is proof of an attempted fraud, because their materiality, in the eye of the law, consists in their tendency to influence the conduct of the party who has an interest in them, and to whom they are addressed. * * *." 110 U. S. 95, 3 Sup. Ct. 515, 28 L. Ed. 76.

It is further declared, speaking of the contract of avoidance of the policy:

"By that contract the companies were entitled to know from him all the circumstances of his purchase of the property insured, including the amount of the price paid and in what manner payment was made; and false statements, willfully made under oath, intended to conceal the truth on these points, constituted an attempted fraud by false swearing which was a breach of the conditions of the policy, and constituted a bar to the recovery of the insurance." 110 U. S. 97, 3 Sup. Ct. 516, 28 L. Ed. 76.

In Follett v. Standard Fire Ins. Co., 77 N. H. 457, 92 Atl. 956, the Supreme Court of New Hampshire held that "false swearing to a statement of loss furnished to the insurer was plainly an attempt to defraud; it was an act done in part execution of what, if carried to a successful issue, would be a completed fraud," and that false swearing by the insured to an overvaluation at the trial, when the insurer presumably was informed of the truth and could not be deceived by the false oath, was an "attempt to defraud the company * * * after the loss."

In Virginia Fire Ins. Co. v. Vaughan, 88 Va. 832, 14 S. E. 754, the actual loss was $2,000, and the policy only $1,500; but the Supreme Court of Virginia held that willfully false statements of a greater loss than the actual loss constituted an attempt to defraud, which avoided the policy, although they could not have deceived the insurance company to its injury.

In view of the conclusions at which we have arrived, there is no logical way of escape from the result that the court below was in error in charging the jury that, if the insurer knew the actual value of the insured property, and the amount of the loss and damage thereto by the fire, or had had full opportunity to know it, so that it could not be deceived by the verified overvaluations and statements of excessive amounts of loss made by the insured, the service of that notice did not constitute an attempt to defraud, although it contained knowingly and willfully false excessive statements of the value of the property and of the loss and damage caused by the fire.

[2] As this case must be tried again, attention is called to the rule that, where the insured knowingly and willfully makes a false statement of or regarding a material fact in its proof of loss, or in its testimony regarding the value of the property insured, or the loss or damage thereto by fire, the intention to deceive the insurer is necessarily implied as the natural consequence of such act. Claflin v. Commonwealth Insurance Co., 110 U. S. 81, 95, 3 Sup. Ct. 507, 28 L. Ed. 76; Fidelity & Casualty Co. v. Bank of Timmonsville, 139 Fed. 101, 103,

71 C. C. A. 299; Mutual Life Ins. Co. v. Hurni Packing Co., 260 Fed. 641, 646, 171 C. C. A. 405.

Let the judgment below be reversed, and let this case be remanded to the court below, with directions to grant a new trial.