# Security Insurance Company v. Rosenberg.

(Decided May 16, 1930.)

(As Modified on Denial of Rehearing October 31, 1930.)

HARMON, COLSTON, GOLDSMITH & HOADLY and GALVIN & TRACY for appellant.

M. H. McLEAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This is the second appeal of this case. As stated in the opinion on the former appeal, reported in 227 Ky. 314, 12 S. W. (2d) 688, the appellee, by this suit, sought a recovery against the appellant on a fire insurance policy covering a building which was owned by her in the city of Covington and which she claimed had been totally

destroyed by a fire which occurred on March 3, 1923. On the first trial, a judgment was entered for the appellee on a directed verdict. This judgment was reversed by this court. On the next trial of the case in the circuit court, appellee again recovered a verdict and judgment, to reverse which this appeal is prosecuted.

The real controversy in this case is whether the building insured was totally destroyed by the fire of March 3rd or only partially so. It is conceded that a physical portion of the insured building was still standing after the fire, but that it was torn down the following April after having been condemned and ordered destroyed by the commissioners of the city of Covington. It was the appellee's theory that the building was condemned because the fire had so damaged it as that the remaining portion of the building was a menace to the public safety and so a public nuisance. The appellant's theory is fully set out in the first opinion. On the issues raised by the parties, the court in the opinion on the former appeal concluded as follows:

"(a) If as a matter of fact appellee's building was so far injured or damaged by the fire of March 3d as that its identity or specific character as a building was thereby destroyed, or its parts and materials were thereby rendered unsafe or without value as they remained after the fire for the purpose of reconstructing the building substantially as it existed before the fire, the loss was a total one within the meaning of the policy. . . .

"(b) Although the building was as a matter of physical fact only partially destroyed by the fire, yet, if it could not be repaired or restored on account of the building laws or regulations in force at the time of the fire, the loss is a total one within the meaning of the policy. . . .

"(c) The ordinances of the city of Covington providing for a condemnation of fire menaces and dangerous buildings and their abatement, without a prior opportunity being afforded the property owner to be heard on the question, are not unconstitutional.
. . .

"(d) An order of condemnation and abatement, such as was made in this case, is conclusive neither on the property owner nor on his insurer.
. . .

"(e) When the insured shows that his building has been damaged by fire and that the proper authorities have condemned what was left of the building because of its condition occasioned by the fire, the burden then shifts to the insurer to show, in order to avoid a liability for a total loss, that the facts did not justify the authorities in condemning the remaining building, and that it could have been repaired and restored without violating any building law or regulation in force at the time of the fire. . . .

"(f) . . . 'It is not only necessary to prove that the swearing was false but that it must also be proved that it was done willfully, knowingly and with intent to defraud.' "

On the return of the case to the circuit court the plaintiff filed an amended and substituted petition. The defendant filed an amended and substituted answer. The case was heard before a jury. The plaintiff introduced a large mass of evidence as to the condition of the building after the fire to show that it was a total loss within conclusions (a) or (b) supra. The defendant also introduced a large mass of evidence tending to show that it was not such a total loss.

The court then gave the jury this instruction:

"If the jury believe from the evidence that the insured premises were damaged by fire and that what was left of the building because of its condition occasioned thereby was condemned by the Commissioners of the City of Covington, you will find for the plaintiff in the sum of $1,500.00 with interest thereon from the 5th day of August, 1923, unless you shall further find that the damages, if any, to the premises could have been by proper repairs restored substantially to its former condition, then you will find for the plaintiff, as and for a partial loss in the sum of $937.72 with interest thereon from August 5, 1923."

The court also instructed the jury as to what was a total loss practically in the language of this court in Thuringia Insurance Co. v. Malott, 111 Ky. 917, 64 S. W. 991, 23 Ky. Law Rep. 1248, 55 L. R. A. 277. These were practically the only instructions given.

An analysis of these instructions discloses that the jury could only find for the appellee for a total loss if they did not believe that what physical damage had been done to the building could be properly repaired so as to restore the building substantially to its former condition. The finding of the jury for the appellee as for a total loss is a finding that the building could not by proper repairs be substantially restored to its former condition. Now this is exactly the issue about which the parties fought this lawsuit. There was ample evidence to sustain this finding of the jury either within conclusion (a) or conclusion (b), supra, of this court on the former appeal.

Dailey testified, in substance, that but for the damage done the building by the fire he would not have reported it as he did, and the action of the commissioners was based upon his report. The facts testified to by him as to the condition of the building are sustained by the testimony of the contractor who tore the building down and found the walls in a dangerous condition, due to the great heat the walls had been subjected to and the effect of this on the mortar between the bricks. Dailey's evidence further established that the action of the city officers was because of conditions after the fire and by reason of it.

There was no substantial error in refusing the instructions asked by the insurance company, for, as we have seen, the whole and real question in issue before the jury was submitted by the instruction above quoted.

The court on the former appeal distinctly held that the ordinances were valid, but the action of the city authorities was only prima facie evidence, and that whether there was a total loss in fact was a question for the jury. This question was fairly submitted by the above instruction.

There was no substantial error in admitting or rejecting testimony. The verdict of the jury is not palpably against the evidence. It is a well-settled rule of this court not to disturb the verdict of a properly instructed jury, unless clearly against the evidence.

Appellant earnestly insists that the court erred in sustaining the plaintiff's demurrer to the third, fourth, fifth, sixth, and seventh paragraphs of its answer. The court had sustained a demurrer to like paragraphs before the case came to this court on appeal, and the cir-

cuit court seems to have understood that, as there was nothing said in the opinion as to the rulings he had made on these demurrers, that the judgment did not disturb them, but in so concluding he overlooked this language at the conclusion of the opinion:

> "On the return of this case, the court will, on proper motions of the parties, make such rulings upon the pleadings as they now are in the record as to bring them in line with contentions of the parties and the rulings herein contained upon them." Security Ins. Co. v. Rosenberg, 227 Ky. 323, 12 S. W. (2d) 688, 691."

The demurrer to these paragraphs of the answer should not have been sustained, for the reasons assigned by the court, but the question still remains, was the defendant substantially prejudiced by this? The Civil Code of Practice provides:

> "The court must, in every state of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect. Section 134.
> "No exception shall be regarded, unless the decision to which it relates be prejudicial to the substantial rights of the party excepting." Section 338.
> "Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof." Section 756.

The purpose of this thrice-repeated provision of the Code is that litigation shall not be unduly prolonged by reason of unsubstantial errors in the proceedings, and that, when there has been a reasonably fair trial of the real merits of the case, the judgment shall not be disturbed on appeal. By paragraph 3 the defendant pleaded in substance that Mrs. Rosenberg procured the city authorities to condemn the building. But, if it was a total loss and too dangerous a structure to be allowed to stand on the street, she had a right to do this. The finding of the jury that it was a total loss and could not, because of the fire, be properly repaired, is conclusive

that she only did what she had a right to do. The ulti-mate question having been submitted to the jury and found in her favor the defendant was not substantially prejudiced by the ruling of the demurrer to this paragraph of the answer.

There was no loss of the property by reason of the acts of the civil officers, if the verdict of the jury is true, for the jury found that there was a total loss by the fire, and so the action of the court on the fourth paragraph was not prejudicial to the defendant's substantial rights as the case was tried.

By the fifth paragraph it was pleaded that she tore the building down when by proper care she could have saved it. This was the precise question that was submitted to the jury by the instruction the court gave. It was told to find as for a partial loss (it being the contention of the company that the loss was only partial) if the building could have been properly repaired so as to restore it substantially to its former condition. Its finding as for a total loss was a finding that the building could not be repaired. Hence the issue raised by the fifth paragraph of the answer was after all tried by the jury under the instructions given, although the demurrer was improperly sustained to that paragraph.

The sixth paragraph pleaded the unconstitutionality of the city ordinances. These were sustained by the opinion on the former appeal to the extent that the action of the officers under these ordinances was prima facie evidence that the building was totally destroyed. The opinion on the former appeal is the law of the case.

By the seventh paragraph the defendant pleaded that she made a false oath in presenting her proof of loss in which she alleged that the building was a total loss. But, in order that she should be guilty of false swearing, two things must appear: (1) That the building was not a total loss; (2) that she knew this. The finding of the jury that it was a total loss is necessarily a finding that she did not swear falsely. The record clearly shows that she was not alone in thinking the building a total loss within conclusion (a) or (b), supra. Two architects, skilled in such matters, so testified, and so did two builders who had had years of experience in such matters. The quantity of water that was thrown on the building, the extent of the fire, and the condition of the walls when torn down by the contractor confirm this testimony.

It is clear, therefore, upon the whole case that no substantial right of the defendant, on the merits of the case, was affected by the ruling on the demurrer to these paragraphs of the answer.

On the whole case the court sees no ground for disturbing the judgment on the merits.

Judgment affirmed.