## World Fire & Marine Ins. Co. v. Tapp.

## Home Ins. Co. v. Same.

June 23, 1939.

Geo. S. Wilson, Judge.

Frank M. Drake and Levaga Clements for appellants.

Pentecost & Dorsey and F. Z. Monarch for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

In December, 1935, T. B. Tapp acquired a general store in the village of Stanley, Daviess County, and his wife principally conducted the business until it was destroyed by fire one night in September, 1936. In January, 1936, Tapp obtained $1,850 insurance with the World Fire and Marine Insurance Company (of which $1,000 was on merchandise, $300 on the fixtures and equipment, and $550 on the building), and in addition a policy for $1,000 on the stock with the Home Insurance Company of New York. Both companies having declined to pay the indemnity for loss of the stock and fixtures, Tapp filed separate suits against them therefor, which were consolidated. The defendants denied liability and pleaded (1) that the insured was guilty of concealment, misrepresentation and fraud when the insurance was obtained and in his proofs of loss in respect to quantity and value; (2) that in no event were they liable for more than three-fourths of the actual value; and (3) that the policies had become void because of the violation of the "Iron Safe Clause." The first mentioned defense was rested upon the following provision of each policy:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The defendants took the deposition of the plaintiff as on cross-examination. Section 606, Subsection 8, Civil Code of Practice. They filed an amended answer charging that in giving that deposition, under oath, in support of his claims being prosecuted in the actions, the claimant had stated he had made cash purchases of $500 or $600 worth of merchandise which had gone into the insured stock at certain wholesale groceries in Evansville, whereas he well knew no such purchases or any part thereof had been made from such concerns. Also that he had stated in his deposition that he had procured the money for making those purchases from accounts which he had in two named banks, whereas he knew he had no account in either bank from which the

money was or could have been obtained. Also that there had been received and placed in stock immediately before the fire a shipment of merchandise purchased from a concern in Louisville, whereas no such shipment had been purchased or received. It was further alleged that the defendant ascertained that the plaintiff had testified falsely, and that "rather than to require proof thereon the plaintiff has heretofore stipulated in this record that said statements are untrue." It was pleaded that the misrepresentations so made were material and violated the provisions of the policy which we have quoted above. The court sustained plaintiff's motion to strike this part of the amended answer, to which ruling proper exception was taken.

A demurrer to the pleading of the violation of the Iron Safe Clause was sustained. The plaintiff denied the allegations of the answer and pleaded estoppel. Issues being joined, a trial was had. During the trial the plaintiff was asked concerning the foregoing statements in his deposition and the stipulation referred to was introduced. This, of course, was admitted as a contradictory statement to affect the credibility of the plaintiff as a witness and could have no bearing on the question of the propriety of the court striking the defense based upon it from the pleading. Under instructions, about which no complaint is made, a verdict was returned for the plaintiff for the face of the policies on the building, and $1,800 on the merchandise and fixtures, stated to be three-fourths of their value. The appeal does not question the judgment other than for the insurance on the personal property.

We need not consider the point that the evidence manifested such misrepresentation as required the court to give a peremptory instruction for the defendant or to require us to reverse the judgment on the ground that the verdict is flagrantly against the evidence.

The question is made whether the court was in error in striking the plea of fraud and false swearing contained in the plaintiff's deposition. It is to be observed that the policy provided it should be void if the insured misrepresented any material fact concerning the subject of the insurance "or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after his loss."

The provision is common to most fire insurance policies and is uniformly held valid so that it will defeat a recovery under the contract if false statements in proof of loss were intentionally made and disclose a purpose to fraudulently overvalue the property or include non-existent items. Hanover Fire Insurance Company v. Coffman, 218 Ky. 568, 291 S. W. 725; Security Insurance Company v. Rosenberg, 227 Ky. 314, 12 S. W. (2d) 688; second appeal, Id., 235 Ky. 419, 31 S. W. (2d) 625; Insurance Company of North America v. McCraw, 255 Ky. 839, 75 S. W. (2d) 518; 26 C. J. 382.

Questions have been made as to the applicability of the provision to instances where it was claimed the insured testified falsely on the trial of an action to recover under the policy.

In Goldberg v. Provident Washington Insurance Company, 144 Ga. 783, 87 S. E. 1077, 1079, it was held that instructions were too broad where they permitted the jury, if they believed the plaintiff committed perjury on the trial, to find against him. The court regarded the provision of the policy as relating "rather to proofs of loss and other statements made under oath by the plaintiff, and other such preliminary matters involving dealings between the insured and the insurer, such as statements or representations made by the former to the latter in regard to the damages or loss claimed to be covered by the policy." See, also, Deitz v. Providence Washington Insurance Company, 33 W. Va. 526, 11 S. E. 50, 25 Am. St. Rep. 908.

However, the Georgia court added:

"It would cover cases of fraudulent misrepresentation of material facts or circumstances, made by the plaintiff to the company or its agents, that might affect the action of the insurer in respect to settling * * * the claim of the insured, but would not cover * * * an exaggerated claim of loss made in the petition, or perjury committed by the plaintiff during the trial."

The New Hampshire Supreme Court, in Follett v. Standard Fire Insurance Company, 77 N. H. 457, 459, 92 A. 956, 957, held that an instruction should have been given relating to false swearing on the trial, saying:

"No reason is perceived why a fraud might not be perpetrated in this way as well as in any of the

preliminary steps taken before the cause came to a trial. In the language of the contract, it would be an 'attempt to defraud the company * * * after the loss.' ''

In Columbian Insurance Company v. Modern Laundry, 8 Cir., 277 F. 355, 20 A. L. R. 1159, a judgment was reversed because of error in the charge to the jury in relation to the estoppel and knowledge of the insurer concerning valuation. But the following was added upon authority of Chaflin v. Commonwealth Insurance Company, 110 U. S. 81, 3 S. Ct. 507, 28 L. Ed. 76, and other federal cases [277 F. 360, 20 A. L. R. 1159]:

''As this case must be tried again, attention is called to the rule that, where the insured knowingly and willfully makes a false statement of or regarding a material fact in its proof of loss, or in its testimony regarding the value of the property insured, or the loss or damage thereto by fire, the intention to deceive the insurer is necessarily implied as the natural consequence of such act.''

See, also, Atlas Assurance Company v. Hurst, 8 Cir., 11 F. (2d) 250; Kavooras v. Royal Insurance Company, 167 Ill. App. 220; Gechijian v. Richmond Insurance Company, Mass., 11 N. E. (2d) 478.

Of much closer application is Hunt v. Dollar, 224 Wis. 48, 271 N. W. 405, 406. A suit for damages was filed by Hunt against Dollar and the insurance company in which he had a policy of indemnity against loss by reason of the negligent operation of his automobile. The insurance company, in an amended answer, sought to escape liability upon three grounds of misrepresentation and fraud on the part of the insured, Dollar, one of which was that he had violated the contract of insurance by falsely testifying on adverse examination preliminary to the trial as to material facts concerning the accident. The policy contained a provision which is in substance and effect like that in these fire insurance policies, it being particularly provided that the policy should be void ''in case of any fraud, attempted fraud or false swearing by the assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss or accident.''

Submitting the case for a special verdict, the jury was required to answer three questions involving these defenses. It answered that the insured had not testified

falsely on his examination, but the trial court granted the insurance company a judgment notwithstanding the verdict, and dismissed the petition against it. That the insured had testified falsely concerning his drinking and whereabouts on the night of the accident was not disputed. On appeal the plaintiff contended that the falsehoods did not hurt the insurer. In response the court said:

> "As to jeopardizing the insurer, the concealment was of such nature as to tend to lead the insurer to conclude that it was justified in defending the case on the merits, whereas, if the facts as to the defendants' drinking and carousing had been disclosed, it might well have concluded to adjust the damages rather than stand the expense of a trial and the chance of an enhanced award because of the assured's conduct previous to the accident. The previous conduct was such as to be likely to prejudice a jury against the assured, and this would have important bearing upon the matter of going to trial."

The court added:

> "But whether or not the concealments and misrepresentations of the assured voided the policy under paragraph P., they voided it because they violated express conditions of the policy. In cases of breach of condition it is immaterial whether the breach in fact prejudices the insurer."

We are of opinion, upon reason and authority, that the court was in error in striking out the pleading of the defense of false statements of the insured in his deposition.

The trial court, consistent with the rulings of this court for many years, sustained the plaintiff's demurrer to the defendant's plea of a violation of the iron safe clause of the policy. That provision is as follows:

> "Inventory-Iron-Safe Clause — (Requirement to keep books and inventory). It is made a condition of this insurance: (1) That the insured under this policy shall take an inventory of the stock and other personal property hereby insured at least once every twelve months during the term of this policy, and unless such inventory has been taken within one year prior to the date of this policy, one shall

be taken in detail within thirty (30) days thereafter; (2) That the insured shall keep a set of books showing a complete record of business transacted, including all purchases and sales both for cash and credit; (3) That the insured shall keep such books and inventory securely locked in a fireproof safe at night, and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the building where such business is carried on; (4) That in case of loss the insured shall produce such books and last inventory.''

This clause is common to most fire insurance policies covering merchandise. Of the forty-eight state jurisdictions and the federal system, Kentucky alone has held the provision invalid and unenforcible. 26 C. J. 249; Joyce on Insurance, Section 2063, 2063a; Cooley's Brief on Insurance, page 2801; Couch, Cyc. of Insurance Law, Section 1021, 1025. From time to time this court has considered the rule and its own isolated status. In Fidelity-Phoenix Fire Insurance Company v. Hyden, 226 Ky. 246, 10 S. W. (2d) 829, there was an urgent insistence on a departure. After a full consideration we adhered to our former opinions upon the ground of stare decisis and the acquiescence by the legislature; also because a change of the rule by the court instead of the legislature would defeat many contracts which had been made upon the faith of the decisions, destroying the protection paid for by insured persons and relieving the insurance companies of risks which they had voluntarily incurred, knowing that the provision of the policy would be held invalid.

Judge Thomas, in an exhaustive and logical dissenting opinion, in which Judge Rees and Judge Logan concurred, showed that the rule originated years before in a statement not supported by any authority nor by reason. The arguments there made sustaining the contention that this court should align itself with other courts—not because of loneliness but because of cogent reasoning—need not be repeated. It is sufficient to say that the first misstep has led the court far astray. Recognition of the subsequent modification of the clause, which relieved it of the arbitrary demand for the keeping of specific records in a fire proof safe and permitted the keeping of any record that would reveal the quantity and the value of the stock of merchandise in any safe

manner or at any place other than in the building with the merchandise, in itself would have justified the taking of the right road, when the modified form was first presented. In these days, with a multiple of excise and income taxes being imposed by both the federal and state governments, every merchant must keep records so that the provision of his insurance policy in that respect can no longer be deemed burdensome.

The case at bar affords a striking example of the need of an inventory or other records for the extravagant statements of quantity and values made up solely from memory indicates a variance from reasonableness and substantial accuracy. It has left the insurer at the mercy of fallible memory, if not of a deliberate imposition. As was suggested in Miller v. Home Insurance Company, 127 Md. 140, 96 A. 267; Ann. Cas. 1918E, 384, the Iron Safe Clause provides a protection to the insurer against possible misrepresentation as to the quantity and value of merchandise for which indemnity is claimed and affords the insured a reliable and convenient method of ascertaining and proving the real extent of his loss.

We are fully persuaded that the court should now declare the Iron Safe Clause to be a valid contractual stipulation. This simply declares the law as we find it to be and as we think it ought always to have been declared. The provision is subject, however, to a fair and reasonable interpretation and to the demand that a fair and substantial compliance therewith shall be sufficient. Couch, Cyc. of Insurance Law, Sections 1020-1037; 14 R. C. L., 1140; Hanover Fire Insurance Company v. Wood, 213 Ala. 132, 104 So. 224, 39 A. L. R. 1436.

However, we are confronted with the fundamental policy of government, expressed in the constitutions as a restriction upon the enactment of any legislation, that there may be no impairment of the obligations of a contract. Adhering to that fundamental principle and preventing the unjust result which would follow an outright retraction of a judicial declaration and, as well, avoiding the overruling of cases upon the faith of which contracts have been made, we have recently adopted the policy of holding such existing contracts not to be affected by the new conclusion, and making a declaration in futuro to the effect that a change of opinion will af-

fect only contracts made subsequent thereto. Thus, in Eagle v. Corbin, 275 Ky. 808, 122 S. W. (2d) 798, a new construction was given a statute relating to the sale of municipal bonds and a declaration made that such a construction should not affect the rights which had vested under the previous decisions. And in Payne v. City of Covington, 276 Ky. 380, 123 S. W. (2d) 1045, a new construction was given provisions of the Constitution respecting the limitations of indebtedness of a municipality which had a far reaching effect. We found it to be competent for a court in departing from precedent based upon a principle previously declared to be sound to preserve all rights which had accrued under such a declaration the same as if those rights had been created or had arisen out of a repealed statute. Those cases dealt with the construction of a statute and of a provision of the Constitution. Distinctions in this connection have been drawn between such definite legislation and the common law because of the dogma that the courts only declare what such law is and has been at all times. But there should be no distinction, for the ideal ought not be permitted to destroy the practical or the actuality. As stated by Mr. Justice Cardozo, in Great Northern Road Company v. Sunburst Oil & Refining Company, 287 U. S. 358, 53 S. Ct. 145, 148, 77 L. Ed. 360, 85 A. L. R. 260:

"A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward."

It was therein further observed that never has doubt been expressed that a state court may treat such limitations of adherence to precedent as it pleases whenever injustice or hardship will thereby be averted.

We, therefore, declare that the iron safe clause is a valid contract stipulation. However, the decision will not be allowed to have a retroactive effect nor to affect contracts which have been entered into upon the faith of our previous decisions, which includes that involved in the case at bar. Policies issued after this decision becomes final will be controlled by the conclusion expressed herein.

The judgment is reversed because of error of the court in striking out the plea of false testimony given by the plaintiff in his deposition.

Whole Court sitting.