## Watkins v. California Ins. Co. of San Francisco, Inc.

Jan. 25, 1944.

Wm. Lewis & Son for appellant.

Wm. A. Hamm and T. M. Galphin for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On June 13, 1941, the California Insurance Company of San Francisco issued to Fannie Watkins a fire insurance policy insuring her against loss by fire in a sum not exceeding $500 to a stock of merchandise consisting chiefly of automobile tires, accessories, and equipment. The insured property was located in a building operated as a filling station store on U. S. Highway 25, one mile south of East Bernstadt, Kentucky. The building and its contents were destroyed by fire about midnight August 29, 1941. Appellant's residence

was located more than 100 yards from the store. The insurance policy contained an inventory-iron safe clause which read: "It is made a condition of this insurance: (1) That the insured under this policy shall take an inventory of the stock and other personal property hereby insured at least once every twelve months during the term of this policy, and unless such inventory has been taken within one year prior to the date of this policy, one shall be taken in detail within thirty (30) days thereafter; (2) That the insured shall keep a set of books showing a complete record of business transacted, including all purchases and sales both for cash and credit; (3) That the insured shall keep such books and inventory securely locked in a fireproof safe at night, and at all times, when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the building where such business is carried on; (4) That in case of loss the insured shall produce such books and last inventory."

Failure of the insured to comply with the provisions of this clause was one of the defenses pleaded by the insurance company to the suit instituted to recover on the policy for the loss. At the conclusion of the plaintiff's evidence, the defendant's motion for a directed verdict in its favor was sustained on the ground that the insured was not entitled to recover because she had not complied with the inventory-iron safe clause of the policy. The propriety of this ruling is the sole question presented by this appeal.

Appellant testified that she took an inventory on January 1, 1941, on tablet sheets and clipped them in a ledger in which she entered all purchases and sales. She did not have an iron safe and kept the records in the building in which the business was conducted. Whatever records she kept were destroyed by the fire. In World Fire & Marine Insurance Company v. Tapp, 279 Ky. 423, 130 S. W. (2d) 848, 851, this court, contrary to its previous rulings, held that the iron safe clause, common to most fire insurance policies covering merchandise, is a valid contractual stipulation. Appellant sought to avoid the effect of the clause by attempting to show a substantial compliance with its provisions. She claimed that she took an inventory and kept a set of books showing a complete record of business transact-

ed, including all purchases and sales for cash and credit. The inventory and the books containing a record of purchases and sales were destroyed by fire, but it is argued that the provision requiring the insured to keep "such books and inventory securely locked in a fire-proof safe at night, and at all times, when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the building where such business is carried on" was substantially complied with since the inventory and books were in a stucco building with a concrete floor, a reasonably secure place. A sufficient answer to this argument is that the building and its contents were completely destroyed by fire. It is argued that the iron safe clause of the policy means that where the insured has no iron safe the inventory and books may be kept in the building where the merchandise is located provided that the building in the minds of reasonably prudent businessmen is a safe place in which to keep such books and inventory. Such an interpretation is directly contrary to the express language of the clause and would defeat its obvious purpose. The provisions of the clause are not ambiguous. The insured may keep the inventory and books in a fireproof safe which may be in the building in which the insured's merchandise is located, or he may keep them "in some secure place not exposed to a fire which would destroy the building where such business is carried on;" which obviously means a place other than the building in which the business is conducted. The purpose of the iron safe clause is to enable the insurance company to ascertain with substantial certainty the value of the merchandise destroyed by fire and to protect it against possible misrepresentation as to the quantity and value of the goods. The requirement is a wholesome one and, as pointed out in the opinion in the Tapp case, is not onerous. If the insured has no iron safe and elects to keep his records in some secure place other than in a safe in the store when the store is not actually open for business, he is not required to keep them in an iron safe in such other place as suggested by counsel for appellant. He may merely keep them in another building, although such building may be less secure against fire than a safe in the building in which the business is conducted. In the event the inventory and records of sales and purchases are burned while located in a separate building,

an inventory of the insured's stock of goods can be taken at once and the best evidence of the amount and value of the goods on hand will be preserved. This is the object sought to be accomplished by the clause under consideration.

It is suggested that appellee's agent knew that appellant had no iron safe and therefore that the performance of the conditions imposed upon appellant by the iron safe clause was waived. Assuming that the agent knew at the time the policy was issued that the insured had no iron safe in the building, this would not constitute a waiver by the insurer of the alternative provision relating to the safekeeping of the records. As said in 29 Am. Jur., Insurance, section 870: ''The mere fact that an insurer waives one of the conditions or warranties in a policy of insurance does not constitute a waiver or indicate an intention upon its part to waive other conditions or warranties therein.'' And further: ''The waiver by an insurer of a requirement of the policy that books shall be kept in an iron safe does not include a waiver of the distinct clause requiring the keeping of books and records.'' The appellant wholly failed to comply with the provisions of the iron safe clause of the policy, and the trial court properly directed a verdict for the appellee.

Judgment is affirmed.